In the Matter of the Claim of MARY E. O'NEIL, Respondent, against CARLEY HEATER COMPANY et al., Appellants.

**Workmen's Compensation Law — workman's death caused by taking poisonous substance in place of epsom salts to cure illness — when such illness and taking of medicine not natural and ordinary incidents to his employment.**

The deceased was in the employ of a corporation engaged in installing machinery for another company; on the day of the occurrence in question he suffered from some form of illness, and was told by an employee of the company for which the machinery was being installed to take some epsom salts, and was informed where a large quantity of the salts was stored in the factory; he went to the place indicated, but by mistake took some chloride of barium, which caused his death. *Held,* that decedent's illness and his attempt to minister thereto were not ordinary and natural incidents to his employment.

*Matter of O'Neil* v. *Carley Heater Co.*, 173 App. Div. ——, reversed.

(Argued May 24, 1916; decided June 16, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 15, 1916, affirming an award of the state industrial commission, under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Edward P. Mowton* for appellants. The death of claimant's intestate did not arise out of his employment. (*Fitzgerald* v. *Clarke & Son*, 1 B. W. C. C. 197; *Employers' Liability Assur. Corp.*, 102 N. E. Rep. 697; *Clifford* v. *Joy*, 2 B. W. C. C. 32; *Sheldon* v. *Needham*, 7 B. W. C. C. 471; *Reed* v. *G. W. R. R. Co.*, 2 B. W. C. C. 109; *Hills* v. *Blair*, 148 N. W. Rep. 243; *Butler* v. *Burton on Trent Union*, 5 B. W. C. C. 355; *Nash* v. *S. S. Rangatira*, 7 B. W. C. C. 590; *Frith* v. *S. S. Louisianian*, 5 B. W. C. C. 410.)

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for respondent.    The death of claimant's intestate arose out of and in the course of his employment.    (*Brintous* v. *Turvey,* 7 B. W. C. C. 1; *Klawinsky* v. *L. S. & M. S. Ry. Co.,* 152 N. W. Rep. 213; *Hurle's Case,* 104 N. E. Rep. 356; *Johnson* v. *London G. & A. Co.,* 104 N. E. Rep. 735; *Hood & Sons* v. *Maryland Casualty Co.,* 206 Mass. 223; *Columbia P. S. Co.* v. *F. & C. Co.,* 104 Mo. App. 157; *Vennen* v. *N. D. Lumber Co.,* 154 N. W. Rep. 640; *Archibald* v. *Ott,* 87 S. E. Rep. 791; *McKinnon* v. *J. & P. Hutchison,* 8 B. W. C. C. 624.)

HISCOCK, J.    An award has been made to the claimant, respondent, and sustained by the Appellate Division, to compensate her for the death of her husband.    It was, in substance, found by the commission that the deceased was in the employ of the Carley Heater Company, a corporation engaged in the manufacture and installation of tannery machinery; that at the time of decedent's death this company was installing machinery for another company and the decedent was engaged in the performance of this work; that on the day of the occurrence in question he suffered from some form of illness, and was told by an employee of the company for which the machinery was being installed to take some epsom salts, and was informed where a large quantity of these were stored in the factory; that he went to the place indicated but by mistake took some chloride of barium, which almost immediately caused his death.

Assuming that this occurrence constituted an accident under the act and that it arose in the course of decedent's employment, we are entirely unable to see that  it "arose out of his employment."    The findings do not indicate that his illness in any manner resulted from his employment or, even if it did, that his employer as an incident to or condition of such employment had under-

taken to supply medical attendance or medicines in ministering to such an illness as this was, it not being of an emergent character. The employer had done nothing to authorize or induce the decedent to take the poison on the supposition that it was something which he needed or which would be beneficial to him. Decedent's illness and his attempt to minister thereto were not ordinary and natural incidents to his employment. On the contrary, it is found that decedent's mistake was the result of his voluntary action induced by the advice of one who was not even in the employment of his employer but legally was an utter stranger thereto. It was an employee of the company for which decedent's employer was working who persuaded or advised him to take the medicine and who guided him to the place where instead of taking such medicine he obtained the poison which caused his death. It seems to us that the case is not different than it would have been if the decedent voluntarily acting upon the advice of a stranger had visited a physician who injured him by malpractice or had sought a dispenser of prescriptions who gave him poison instead of helpful medicine and certainly it could not be said that such an occurrence would have arisen out of his employment within the meaning of the statute.

The case is clearly distinguishable from those cited by the learned counsel for the respondent where an employee seeking to do something which was inevitably connected with his employment and an incident thereto, as obtaining a drink of water, had been injured by foul water which he might have been expected to drink or by some poisonous liquid placed at a point where it might reasonably be mistaken for drinking water.

We think that the order should be reversed and the claim dismissed, with costs against the commission.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order reversed, etc.