NEWARK HAIR AND BI-PRODUCTS COMPANY, A CORPORA-
TION, PROSECUTOR, v. SARAH FELDMAN AND THE
COURT OF COMMON PLEAS IN AND FOR THE COUNTY
OF ESSEX, DEFENDANTS.

Submitted July 6, 1916—Decided December 28, 1916.

1. Where decedent was in her master's place of business in the
course of her employment as stenographer, within a time during
which she was employed, when a fire occurred which caused her
death, the death was caused by an accident in the course of the
employment.

2. Where a fire broke out in the lower floors of the building in which
the employer had his place of business, and over which he had no
supervision or control, and the conditions of the premises for
escape in case of fire were such as would warrant a conclusion
that the danger to employes in case of fire, whether on the prem-
ises of the employer or on one of the floors beneath, was a danger
to be reasonably anticipated by the employer, such a danger was
one incident to the employment and an injury resulting from
the fire was an injury arising out of the employment.

3. In the class of cases coming under the Workmen's Compensation
act, the facts of each case must be considered free from the in-
fluence of the well-settled legal principles governing cases of neg-
ligence, and such cases must be dealt with in accordance with a
state policy of social insurance, in which the doctrine of negli-
gence has no abiding place.

On *certiorari* to Essex Common Pleas Court.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *George P. Laible* and *Frank S. Katzen-
bach, Jr.*

For the defendant, *William P. Murphy*.

The opinion of the court was delivered by

KALISCH, J.   The question mooted in this case is whether
the proof justified a finding by the learned trial judge that
the death of the petitioner's decedent was the result of an

accident arising out of and in the course of the employment of the deceased.

The deceased was a stenographer in the employ of the prosecutor. The prosecutor occupied the fourth floor of the building for the conduct of its business which was the preparation of animal hair and its bi-products for commercial purposes. It had no control over the lower floors. A fire originating in one of the lower floors sent up the stairway leading to and from the fourth floor such great volumes of smoke and flame that it shut off any escape to the employes of the prosecutor in that direction.

Means of escape by a fire escape were cut off because of the density of flame and smoke issuing through an elevator shaft, which stood in the way to the fire escape. A window sash at the head of the stairway leading from the fourth floor was closed and fastened so that it could not be raised and had to be forced out. Some of the employes jumped out of a window onto the roof of a first story building adjoining. The petitioner's decedent failed in her effort to make her escape and she was so horribly burned and injured that death resulted.

The contention made by the prosecutor is that the death of the petitioner's decedent was not caused by an accident arising out of and in the course of her employment. It cannot, however, under the proof in the case, be successfully contended that the accident did not arise in the course of her employment. She was in her master's place of business in the course of her employment of stenographer, within a time during which she was employed, when the fire occurred which caused her death. These circumstances are sufficient, under *Bryant* v. *Fissel,* 84 *N. J. L.* 72, to constitute her injury an accident arising in the course of her employment. But in order to entitle the petitioner to compensation it must not only appear that the accident arose in the course of the decedent's employment, but also out of it.

Counsel for the prosecutor argues that the nature of the prosecutor's business was the manufacture of a harmless product and since the fire did not originate in the immediate

place of business it cannot be placed under a different category than that of an earthquake or lightning or any one of a multitude of conditions arising which might cause an injury.

We think that the important question is whether there was any danger to be reasonably anticipated by the employer to its employes while at work on the fourth floor from the situation and condition of the premises.

For if the risk of danger is in any manner connected with the employment, an accident happening by reason of such risk is an accident arising out of the employment. The learned trial judge had before him evidence that there was a single stairway leading from the fourth floor which stairway became useless as a means of escape from smoke and fire; that though there was a fire escape it could not be used by reason of its proximity to an elevator shaft through which fire and smoke were issuing; that a window at the head of the stairway was fastened so that it could not be raised; that the employes in order to effect their escape were compelled to jump from the fourth floor to the roof of a one-story building to save their lives. We are therefore unable to perceive how the court could have reached any other conclusion than that the danger to employes in case of fire, whether on the premises of the employer or on one of the floors beneath, was a danger to be reasonably anticipated by the employer. It was a danger incident to the employment.

The difficulty under which the trained legal mind labors, in this class of cases, is to detach itself from considering the facts of each particular case free from the influence of well settled legal principles governing cases of negligence, and to simply keep in view that we are dealing in lieu thereof with a state policy of social insurance in which the doctrine of negligence has no abiding place.

As to the point made by counsel for the prosecutor in their brief that the petitioner is not a dependent, it is to be observed that no argument is made to support this assertion. We have, however, examined the testimony on this branch of the case and find that it amply supports the finding of the trial judge that the petitioner is a dependent.

The judgment will be affirmed, with costs.