Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of MARIE BANDASSI, Respondent, on Behalf of Herself and Minor Children for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, POMPEO BANDASSI, *v.* CHARLES P. MOLLA and AMEDEO ARRIGONI, Copartners, doing Business as MOLLA & ARRIGONI, Employers, Uninsured, Appellants.

Third Department, March 8, 1922.

**Workmen's Compensation Law — injury arising out of and in course of employment — decedent killed by burning caused by hot metal dropping on him from plant of third person on upper floor of same building.**

The injury which resulted in the death of claimant's intestate arose out of and in the course of his employment, where it appeared that his employer's plant was on the lower floor of the building; that an iron pipe full of hot emery dropped through the fire escape, skylight and shafting from the eighth floor of the same building and set fire to the decedent's clothing, which caused the burns from which he subsequently died, and that the iron pipe fell from the place of business of a third person which had no connection with or relation to the employer's business.

APPEAL by the defendants, Charles P. Molla and another, from a decision and award of the State Industrial Board, entered in the office of said Board on the 11th day of May, 1921.

*Almond D. Fisk,* for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

KILEY, J.:

This case is peculiar in that the award is based upon admissions contained in the report of the employer and on hearsay evidence given by one of the partners who was not present at the time of the accident. The date of the accident was November 22, 1920, at twelve-fifty-five P. M. The accident is described in the employer's report as follows: " Iron pipe fell from eighth floor full of hot emery, through fire escape, sky light and shafting that are in our shop. The emery emptied onto the deceased and immediately

caught fire, he was a mass of flames." He died next day. The business of the employers, a copartnership, was making tools for the manufacture of artificial flowers. Claimant's intestate was a forger. At the time of the accident the forge was out; this was five minutes of one o'clock P. M. and the employer swore that at the time the employee was injured " he was going to tap out some work, some antique stands." The employer's place of business was on the ground floor of the building; the pipe of hot metal came from the place of business of the " General Specialty Company " on the seventh or eighth floor of the building, which business had no connection with or relation to the employer's business. The defense is that the accident did not arise out of nor in the course of deceased's employment.* The employer was not insured. The parties, without question, seem to have finally submitted the questions involved to the State Industrial Board. An award was made to the claimant and her three dependent children, which requires the employer to make provision to pay or secure the payment of a lump sum, to be distributed according to the provisions of the award. The lump sum totals about $9,000. Appellants have collated, upon their brief, a lot of cases that seem to uphold their contention, that both elements, " arising out of " and " in the course of " must be present to sustain an award. A late case (*Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470), in which Judge CARDOZO wrote for the court, seems to change that rule somewhat, and is against the contention of appellants. This phrase from the opinion contains the meat of the holding: " He was brought by the conditions of his work ' within the zone of special danger.' " This ruling is made on the authority of an English case decided by the House of Lords (*Thom* v. *Sinclair*, L. R. [1917] A. C. 127, 142), and from which the counsel for the Industrial Board quotes very extensively. It would seem to sustain the award made herein. The Court of Appeals case cited above arose out of the circumstance where an employee was struck in the eye by an apple thrown by a fellow-servant. Before the citation from the opinion above quoted the judge said: " That it arose ' in the course of employment ' is unquestioned. That it arose ' out of ' employment, we now hold."

Under that decision, and from the English holding upon which it is based, applying the same to this case, this award can be maintained. I report in favor of the affirmance.

Award unanimously affirmed, with costs.

* See Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.— [REP.