### TEXAS EMPLOYERS' INS. ASS'N v. BAILEY. (No. 1676.)

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1924. Rehearing Denied Nov. 26, 1924.)

**1. Master and servant ⬤⟿375(1)—Compensable injury must have been received in "course of employment."**

To recover damages for injury to employee under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) injury must have been sustained "in the course of his employment," that is, have had to do with and originated in employer's work, business, trade, or profession, and been received while engaged in or about furtherance of employer's affairs or business.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

**2. Master and servant ⬤⟿375(1)—Injury to truck driver by gun of person permitted to ride held not sustained in "course of employment."**

Injury to laundry truck driver, while returning to laundry after trip, by accidental discharge of shotgun of pedestrian, whom he voluntarily permitted to ride, *held* not to have been sustained in "course of his employment."

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by H. B. Bailey against the Texas Employers' Insurance Association. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellant.
Loomis & Kirkland, of El Paso, for appellee.

WALTHALL, J. H. B. Bailey brought this suit in the district court against the Texas Employers' Insurance Association to set aside the final ruling and decision of the Industrial Accident Board, and to recover compensation for injuries sustained by him under the Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), providing compensation for injury sustained by him in the course of his employment. Bailey alleged his employment by the American Union Laundry,

a subscriber to the act, carrying an industrial accident insurance policy with the defendant association, and further alleging an injury received by him in the course of his employment; that he had in due time made claim before the Board, which had refused him compensation.

The Texas Employers' Insurance Association, after demurring generally to the petition, and making general denial, further answered that the injury complained of was not sustained in the course of plaintiff's employment, and did not have to do with nor originate in the work, business, or trade of his employer, and was not received while engaged in or about the furtherance of the affairs or business of his employer, and was proximately caused by the personal act and conduct of plaintiff outside the scope of his employment as an employee of the laundry.

The case was tried without a jury resulting in a judgment for Bailey in the sum sued for, and the defendant association has perfected this appeal.

#### Opinion.

The trial court made and filed findings of facts, and, no question having been presented to the sufficiency of the evidence to sustain them, or any one of them, we will state such facts, abbreviated and condensed, as seem sufficient to present a general history of the case, and to an understanding of the point or points discussed.

Bailey was employed as a laundry automobile truck driver, at the time of his injury, in receiving and delivering clothes for the laundry company, a subscriber to the appellant association. While driving the laundry truck for the laundry company on the public road one Stewart E. Gray, carrying a gun, was on the roadside, and as Bailey came along Gray hailed him, and requested a ride with him in the laundry truck, and Bailey permitted Gray to board the laundry truck and occupy the vacant seat by his side. While riding in the truck with Bailey the gun carried by Gray was accidentally discharged, taking effect in Bailey's foot, thereby necessitating the amputation of the injured foot.

The laundry company had given Bailey instruction "to be courteous and accommodating in all of his relations with the public, and, while he owed no duty to his employer to permit Gray to ride with him, his doing so was what any person of ordinary care and prudence would have done under the same circumstances." The injury sustained made necessary the medical aid, medicines and hospital services sued for, all being reasonable charges.

The only proposition of appellant we need consider is to the effect that both the pleading and evidence showing that Bailey was employed by the laundry company as a laun-

---

dry truck driver, his duties' being that of picking up and delivery of laundry, in connection with the use of the laundry truck while so engaged, and further showing that at the time of the injury Bailey was returning to his place of business from a trip down the valley in the laundry truck when he was hailed by a pedestrian carrying a loaded shotgun, and that Bailey thereupon voluntarily undertook to haul the pedestrian in the truck, and that during the trip the shotgun was accidentally discharged, causing the injury complained of, such injury was not sustained in the course of his employment, and did not have to do with and did not originate in the matter of his employment with the laundry company, and was not, therefore, such injury as would entitle Bailey to compensation under the Texas Workmen's Compensation Act, and it was error to render judgment for Bailey in any sum.

[1] We have concluded that under the undisputed facts the accident causing the injury to Bailey was not such industrial accident as to entitle him to recover compensation under the Employers' Liability Act. To justify a recovery for damages for personal injury sustained by an employee under the act in question the points of inquiry are: Was the injury sustained, "in the course of his employment?" That is, did the injury received by Bailey "have to do with and originate in the work, business, trade, or profession of the employer received by the employee while engaged in or about the furtherance of the affairs or business of his employer?"

The first expression quoted above, taken from our statute, is defined by our statute by the second-quoted expression. The definition of the statute as above quoted of what is meant by "injury sustained in the course of employment" is clear and explicit.

[2] To hold appellant liable for the injury sustained by Bailey by the accidental discharge of the gun, under the above definition of the statute of what is meant by "injury sustained in the course of employment," it must appear that the injury to Bailey had to do with and originated in the laundry business of the American Union Laundry Company; that the injury was received by Bailey while he was engaged in the furtherance of the affairs or business of the laundry company, that is, the injury had to do with and originated in the laundry business of the laundry company. While it is true that at the time of the injury Bailey was then returning in the laundry truck to the laundry, a service in furtherance of the business of the laundry company, it is not made to appear that the injury to Bailey had to do with and originated in the business of the laundry company, but it appears directly to the contrary. It could not be said that the injury to Bailey by the gunshot from Gray's gun had to do with and originated in the business of the laundry company. It was no part of Bailey's service on his return to the laundry company's place of business to have Gray, a stranger to Bailey, a hunter wanting a ride, who was in no way connected with the business of the laundry company, and to whom the laundry company owed no duty, to occupy a seat in the laundry truck. Gray's presence on the laundry truck at the invitation of Bailey, and the accidental discharge of Gray's gun while on the laundry truck, causing the injury to Bailey, are incidents apart from the laundry business, and the injury caused thereby did not result from a risk or hazard incident to the business of the laundry or Bailey's service to the laundry company. The causative danger of permitting Gray with a loaded gun to occupy a seat in the laundry wagon was not incidental to the laundry business, but wholly independent of any relation between Bailey and the laundry company.

The instant case is distinguishable by its facts, and the propositions there discussed, from any of the cases to which we are referred by appellee. We have carefully reviewed them, and many other cases to which we are not referred. The facts of the cases and the points presented and discussed to which we are referred are so different from the case before us that they are not in point.

For reasons stated, the case is reversed and here rendered for appellant.