**ÆTNA LIFE INS. CO. v. BURNETT.**
(No. 797–4457.)

(Commission of Appeals of Texas, Section A. March 12, 1926.)

1. **Master and servant** ⊜⟹375(1)—**Compensation claimant must show injuries "having to do with and originating in work of employer" (Rev. St. 1925, art. 8309, § 1).**

For employee to recover under Rev. St. 1925, art. 8309, § 1, authorizing compensation for injuries "having to do with and originating in work of employer," proof that his injury occurred while he was engaged in or about the furtherance of employer's affairs or business is not alone sufficient, but he must also show that his injury had to do with and originated in employer's work, trade, business, or profession.

2. **Master and servant** ⊜⟹375(1)—**Injury to traveling salesman removing shotgun from automobile held not compensable, as "having to do with and originating in work of employer" (Rev. St. 1925, art. 8309, § 1).**

Injury to salesman by discharge of shotgun in removing it from his moving car to facilitate travel in calling on a customer held not compensable as an injury "having to do with and originating in work of his employer," under Rev. St. 1925, art. 8309, § 1.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by J. T. Burnett against the Ætna Life Insurance Company. Judgment for defendant was reversed, and judgment rendered for plaintiff (273 S. W. 322), and defendant brings error. Reversed.

Lawther, Pope, Leachman & Lawther and Neth' L. Leachman, all of Dallas, for plaintiff in error.

J. D. Pickett, of Palestine, for defendant in error.

BISHOP, J. The defendant in error, J. T. Burnett, instituted this suit in the district court of Anderson county against Ætna Life Insurance Company, plaintiff in error, to set aside the final ruling and decision of the Industrial Accident Board, and to recover compensation for an injury sustained by him, under the 'Workmen's Compensation Law, providing compensation for injuries sustained by employees in the course of their employment.

On trial the district court held that the injury sustained by Burnett was not such injury as is contemplated by the provisions of the Workmen's Compensation Law, and rendered judgment denying Burnett recovery. The Court of Civil Appeals held to the contrary, and reversed the judgment of the trial court, and rendered judgment for Burnett. 273 S. W. 322.

The facts as to liability are stated in the findings of fact by the trial court as follows:

"(6) That on the 9th day of September, 1922, and prior thereto, J. T. Burnett was in the employ of the Calumet Baking Powder Company in the state of Texas as a traveling salesman, and was engaged in traveling over a designated territory in Texas, which included the city of Palestine in Anderson county, Tex., selling baking powders made by his employer to the wholesale and retail dealers in baking power in said territory. That under such contract of employment it was the duty of J. T. Burnett to go from town to town in his territory and to take orders from the dealers in baking powders for his employer. That in the transaction of said business J. T. Burnett was authorized to use his private automobile as a means of transportation, and was allowed, for the use of said car, the sum of $5 per day, for each day that his car was so used in the prosecution of his employer's business.

---

"(7) That on the 9th day of September, 1922, the plaintiff, J. T. Burnett, being in the city of Palestine for the purpose of calling on the dealers in said city and taking orders for baking powders, and generally looking after the business of the Calumet Baking Powder Company in the city of Palestine, at an early hour, and before the hour of beginning his work as a salesman, took his shotgun in his automobile and went to the country to shoot some doves. That he returned to the city about 8 o'clock, and immediately began calling on the dealers in baking powder in said city, in the usual course of his employment, carrying the shotgun in the back part of his automobile. That he continued in the pursuit of such employment, at the same time carrying the gun about town in the back of his car, until the noon hour. That plaintiff at that time resided in the city of Palestine, and he drove to his home for lunch, and put the car containing the gun in his garage at his home.

"(8) That on the 9th day of September, 1922, plaintiff had orders from his employer to finish canvassing the city of Palestine and to take the afternoon train out for the city of San Antonio, where, on the following day, he was to begin work in that territory for the same employer. That the afternoon train from Palestine to San Antonio was to leave said city at about 1:30 p. m., but said train was not on time, and was running a few minutes late. That after the plaintiff had eaten his lunch it was necessary, under his orders, and for the closing up of his employer's business in Palestine, for him to call on the Moore Wholesale Grocery Company in said city before leaving for San Antonio. That after plaintiff had eaten his lunch he packed his traveling bags preparatory to his journey to San Antonio, and left his traveling bags in the living room of his home, with instructions to his wife to deliver them to him in front of the house when he should drive around to the front, after getting his car out of the garage. That plaintiff went to the garage, got in his car, forgetting that his gun was still in the automobile, put the car in motion, and was leaving the garage when he discovered his shotgun still in the car. That he stepped on the running board of the car, caught the barrel of the gun with his left hand, intending to leave the same in the garage, and that, while so holding said gun, the car being in motion at the same time, said gun was discharged, resulting in an injury to his left hand, which necessitated the amputation thereof at the wrist.

"(9) That at the time plaintiff received the injury he was in his car and on his way to call upon the Moore Wholesale Grocery Company, in the city of Palestine, in the usual course of his employment to solicit an order from said company for baking powders in the furtherance of his employer's business.

"(10) That at the time such injuries were received it was not the intention of plaintiff to return to his home after he had called upon the Moore Wholesale Grocery Company, but that it was his purpose to go to the Moore Wholesale Grocery Company, and after his business had been transacted to go in his car to the station and there take the train for San Antonio. That at the time he received said injuries plaintiff was actually on his journey to the Moore Wholesale Grocery Company.

"(11) That plaintiff's purpose in removing said gun was to leave the same in his garage, so that he could more safely travel in said car. That the removal of said gun would facilitate the transaction of his employer's business by enabling him to travel more safely and conveniently.

"(12) I find that the proximate cause of the injury was that plaintiff was thrown off his balance by the motion of the car, and the gun was thereby caused to be fired accidentally.

"(13) I find that the injury to plaintiff was received while engaged in or about the furtherance of the business of his employer, but that said injury did not originate in and have to do with the business or work of the employer."

Our Workmen's Compensation Law provides that an "injury sustained in the course of employment" shall include all injuries other than those especially excepted by its terms, "of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Article 8309, § 1, R. C. S. 1925.

[1] In order that an employee may recover under the provisions of this law, proof that his injury occurred while he was engaged in or about the furtherance of the employer's affairs or business is not alone sufficient. He must also show that his injury was of such kind and character as had to do with and originated in the employer's work, trade, business, or profession.

[2] Burnett was injured in his attempt to remove from his automobile his gun placed there by him for the purpose of shooting doves. The purpose of having the gun in the car had to do only with his dove hunting. It had nothing to do with, and was an incident apart from, any work he was doing for his employer. The injury caused by his attempt to remove the gun did not result from a risk or hazard incident to the business of selling baking powders. This injury had nothing to do with and did not originate in his employer's business, and hence is not such injury as is contemplated by the statute. The holding by the Court of Civil Appeals in this case is in conflict with that of the Court of Civil appeals for the Eighth Supreme Judicial District in the case of Texas Employers' Insurance Ass'n v. Bailey, 266 S. W. 192, in which writ of error was refused, and which we think clearly states the law applicable to the facts in this case.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.