## Texas Employers' Insurance Association v. Mrs. F. T. Andrews et al.

No. 6979. Decided December 1, 1937.
Rehearing overruled January 12, 1938.
(110 S. W., 2d Series, 49.)

*Lawther, Cox & Cramer*, of Dallas, *Ramey, Calhoun & Marsh,* and *Ben A. Harper*, of Tyler, for plaintiff in error.

Before a recovery can be had for compensation, it must be shown that the injury had to do with and originated in the work, business, trade or profession of the employer, and the risk or hazard of injury from an explosion of a boiler in another business plant is one common to the neighborhood of the boiler and not peculiar to the business or work of a hardware company in a near-by building. Cudahy Packing Co. v. Parramore, 263 U. S. 418, 68 L. Ed. 366, 44 Sup. Ct. 153, 30 A. L. R. 532; Federal Surety Co. v. Ragle, 40 S. W. (2d) 63; Texas Emp. Ins. Assn. v. Smith, 75 S. W. (2d) 732.

*Storey, Sanders, Sherrill & Armstrong,* of Dallas, for defendants in error.

The right of recovery is based upon the relationship incident to the work, and not on the danger involved. Kirby Lbr. Co. v. Scurlock, 112 Texas 115, 246 S. W. 77; Maryland Casualty Co. v. Smith, 40 S. W. (2d) 913; Texas Emp. Ins. Assn. v. Harbuck, 73 S. W. (2d) 113.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

Judgment was entered by the trial court for the claimant in a Texas workmen's compensation case and affirmed by the Court of Civil Appeals. See 83 S. W. (2d) 1059.

The following brief excerpt from the opinion of the latter court will show the controlling facts:

"On the 9th of May, 1934, Miss Andrews was a regular employee of the Wadel-Connally Hardware Company in Tyler, Texas, and had been so employed for more than a year next preceding her death. On the date of her death and at the time of injuries causing same, she was engaged, on a regular working day, and in regular working hours, in her work as a stenographer for said Company on its premises in Tyler, and at such time was regularly engaged in such work in the office of the Company, provided for her in connection with her work as stenographer.

"Miss Andrews and W. A. Pope on said date were instantly killed as a result of the explosion of a boiler located in the cleaning and pressing establishment of C. N. Jones. The boiler had been installed in the Jones plant about April 4, 1931, and was situated near the west wall of the Jones plant. The Wadel-Connally building was situated immediately west of the Jones plant and across a twelve foot alley."

The main law question at issue here is sufficiently stated we believe in plaintiff in error's fifth proposition as follows:

"An injury to a hardware company stenographer from the explosion of a steam boiler owned and operated by a cleaning and pressing plant and situated in a near-by building did not result from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of the hardware business."

The applicable portion of Art. 8309, R. S., provides:

Injury sustained in the course of employment, "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere."

■ This language is rather general—purposely so, we take it, because it would be most difficult and perhaps not desirable to attempt to include within the specific terms of a rule every conceivable case of compensable injury, and to exclude every one not compensable. We shall not here undertake such a task, but will content ourselves with what we conceive to be a proper discussion and disposition of the present case upon its particular facts in the light of the above statute rather than in terms of a general rule, or expression taken from some particular case, which in detachment from its proper background might, on its face, support or defeat a recovery herein.

■ The clause "having to do with and originating in the work," quoted supra as part of Art. 8309, manifestly does not mean as applied to this case, that the cause of the injury must have come from or originated in the work or business of the hardware company. That the force which causes a compensable injury may be external to and apart from the work or business of the employer is recognized in a multitude of cases.

"It is enough if the employee in the performance of his duties has been subjected to the particular risk which caused his injury by the conditions of his employment." A causal relation between the employment and the injury must be shown. Liability is based primarily upon the relationship of employer and employee, tested by the terms of the Workmen's Compensation Law. Here an employee was required to work in proximity to a steam boiler. We need not decide that such boiler was an "inherently dangerous instrumentality," as did the Court of Civil Appeals. We do decide that it constituted a visible, foreseeable risk. If the em-

ployee here had been sent as a bill collector across the twelve foot alley to the Jones building on her employer's business and there killed by the explosion, could there be any doubt of liability? Instead she was performing her duties within a few feet of this same hazard, but with a brick wall separating her from it. From a legal standpoint we fail to see any controlling distinction between liability in the two cases. The risk, as is argued, was not one shared by the employee with the general public, but only with such of them as happened to be in that immediate vicinity. True it was not a risk to which the employees of every hardware business was subjected nor did the employer have any control over the operation of the boiler, but neither of these control the question before us. We are able to trace here the injury to a foreseeable danger to which the employee was subjected by the conditions of her employment and which was the contributing, if not the actual cause thereof.

In most jurisdictions the requirement of the statute is that the injury "arise out of and in the course of employment," a phrase not essentially different in effect from that occurring in the Texas statute quoted supra.

Of this phrase it has been said:

"It has been well said that it is not easy to give a comprehensive definition of the words 'arising out of the employment,' which shall actually include all cases within the act, and with precision exclude those without its terms; yet a lucid definition that has received wide favor is that an injury arises out of the employment when there is apparent to the rational mind, upon consideration of all of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury; * * *. Causal relation is said to be established when the accident is shown to have arisen out of a risk which a reasonable person might have comprehended as incidental to the employment at the time of entering into it, or when the evidence shows an incidental connection between the conditions under which the employee works and his resulting injury." 71 C. J., pp. 647, 648, 651.

As particularly applicable here we quote further, and incorporate bodily illustrations set out in Note 68, following the quotation:

"An injury arising in the course of the employment may well 'arise out of the employment,' even though the risk or hazard be external to the employment where the employment or the conditions under which the work is necessarily performed cause

exposure to the risk; thus an employee, performing the work he was employed to perform, whereby he is injured by an accident originating outside of the sphere of his employer's control, may still be considered as having his injury arise out of his employment.

"(1) A restaurant dishwasher, upon whom, while at work, the ceiling fell, due to overload of stored goods on the upper floor, over which the master had no control, received an injury 'arising out of the employment.' Kimbol v. Industrial Accident Commission, 160 Pac. 150, 173 Calif. 351, L. R. A. 1917B, 595. (2) Death of a meat cutter, who was employed by a grocery company, killed by a collapse of the building while at his proper place and engaged in his duties, arose out of the employment, so as to entitle claimants to the statutory funeral allowance, although the administrator of the deceased employee had in a separate action against the owner of the building recovered damages in a sum equal to that for which the employer was liable, thus defeating a further recovery of compensation. Roessler v. Chain Grocery & Meat Co., (Iowa) 196 N. W. 1020. (3) Stenographer, employed by corporation occupying fourth floor of building, who, when a fire originating in a lower floor cut off means of escape, was so burned as to cause death, met her death as the result of an accident arising out of, and in the course of her employment. Newark Hair & Biproducts Co. v. Feldman, 99 A. 602, 89 N. J. Law 504. (4) Dependents of a forger, who was killed by hot metal emptied on him from an iron pipe which fell from the shop of another company on the floor above his employer' place of business, are entitled to compensation under the Workmen's Compensation Law, deceased having been brought by the conditions of his work within the zone of special danger, so that the injury arose out of, as well as in the course of his employment. Bandassi v. Molla, 192 N. Y. S. 776, 200 App. Div. 266. (5) Injury to laborer on construction work by piece of cornice falling from adjoining building is within the scope of employment. Filitti v. Lerode Homes Corporation, 155 N. E. 579, 244 N. Y. 291. (6) Where taxi driver was ordered by police officer to pursue a person, the danger of pursuit incidental to driving was risk of employment. Babington v. Yellow Taxi Corporation, 164 N. E. 726, 250 N. Y. 14, 61 A. L. R. 1354." 71 C. J., pp. 652, 653, Sec. 399 and Note 68, p. 653.

These sufficiently illustrate, without multiplying the number further, the conclusion of other courts upon facts somewhat similar to those relied on here.

Specific mention of two Texas cases is all that is considered necessary, in illustration of the attitude of our own courts. Texas

Employers' Ins. Assn. v. Bailey, 266 S. W. 192, and Standard Acc. Ins. Co. v. Stanaland, 285 S. W. 878, were both cases where an employee was shot, and a writ of error was denied in each case, though opposite conclusions as to liability were announced in these. The former is strongly relied on by plaintiff in error here, and the reasoning of the latter supports our conclusions of liability under the present facts. We quote from these.

The Bailey case:

"Bailey was returning to his place of business from a trip down the valley in the laundry truck when he was hailed by a pedestrian carrying a loaded shotgun, and that Bailey thereupon voluntarily undertook to haul the pedestrian in the truck, and that during the trip the shotgun was accidentally discharged, causing the injury complained of, * * * the accidental discharge of Gray's gun while on the laundry truck, causing the injury to Bailey, are incidents apart from the laundry business, and the injury caused thereby did not result from a risk or hazard incident to the business of the laundry or Bailey's service to the laundry company. The causative danger of permitting Gray with a loaded gun to occupy a seat on the laundry wagon was not incidental to the laundry business, but wholly independent of any relation between Bailey and the laundry company." Texas Employers' Ins. Assn. v. Bailey, 266 S. W. 192.

The Stanaland case:

"Raymond Stanaland, on the 12th day of April, 1924, was in the employ of the Construction Company and was assisting in the construction of the bridge above mentioned. At noon on said 12th day of April, the same being Saturday, the employees, including Stanaland, had ceased work for the week, and Stanaland, whose wages were not due, but who desired to procure an advance on labor performed by him so that he might go to Houston, made arrangements with Johnson to advance him some money on his work. To get this advance payment he was required to go to the office tent of the foreman, Johnson. After Stanaland approached said tent, and while standing in front of same for 15 or 20 minutes talking to other employees, he was accidentally struck in the head by a bullet fired from a pistol by the foreman, Johnson, while standing in the office tent, and rendered totally blind. * * *

"According to the rule as established by the weight of authority, if an employer knows, or ought to know, that conditions surrounding the place where his employees are required to per-

form their duties may result in injury to such employees, * * * and injury results in consequence of the conditions, * * * the injury is a risk arising out of the conditions in the employment as carried on, and hence arises out of the employment. Marchiatello v. Lynch Realty Co., 94 Conn. 260, 108 A. 799, and authorities there cited; Employers' Ins. Assn. v. Gill, (Tex. Civ. App.) 252 S. W. 850; Leonbruno v. Champlain Silk Mills, 229 N. Y. 470, 128 N. E. 711, 13 A. L. R. 522; State ex rel. Johnson Sash & Door Co. v. District Court, etc., 140 Minn. 75, 167 N. W. 283, L. R. A. 1918E, 502; Stuart v. Kansas City, 102 Kan. 307, 563, 171 Pac. 915; Pekin Cooperage Co. v. Industrial Board of Ill., 277 Ill. 53, 115 N. E. 128; Socha v. Cudahy Packing Co., 105 Neb. 691, 181 N. W. 706, 13 A. L. R. 513; McNicol's Case, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; In re Loper, 64 Ind. App. 571, 116 N. E. 324; Stark v. State Ind. Accident Com., 103 Oregon 80, 204 Pac. 151." Standard Accident Ins. Co. v. Stanaland, 285 S. W. 879, 880, 881.

These cases are readily distinguishable upon their facts, and so it might be said of numerous others, which appear from a casual examination to be conflicting.

We recognize this as a border line case, but we think if the rule of liberal construction be given effect, as it should in cases of this character, the balance of logic is with the defendants in error.

The principles of law governing this case are well settled. Precedents which contain these exact facts would perhaps be impossible to find, and any others would be controversial and of little value.

Our conclusion is that the employee's injury in this case comes within the terms of Art. 8309, R. C. S. 1925, quoted above, and that the judgment of the Court of Civil Appeals should be affirmed and it is accordingly so ordered.

Opinion adopted by the Supreme Court December 1, 1937.

Rehearing overruled January 12, 1938.