In the Matter of the Claim of GEORGETTA BROWN, Appellant, against NEW YORK STATE TRAINING SCHOOL FOR GIRLS, Employer, and STATE INSURANCE FUND, Insurance Carrier, Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 3, 1939.

*Edward H. Best,* for the appellant.

*Bernard Botein* [*George J. Hayes* of counsel], for the State Insurance Fund, respondent.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board, respondent.

BLISS, J.   The State Industrial Board has found that on June 20, 1936, Emmett Brown the deceased employee, while engaged in caring for his foot which he had injured as the result of an accident, sustained on November 20, 1935, consumed a bichloride of mercury

tablet instead of a sedative tablet and died on June 26, 1936, of bichloride poisoning. It also found that his death was not the result of an accidental injury sustained by him within the meaning of the Workmen's Compensation Law. The proof shows that on June 20, 1936, the employee had laid out a bichloride of mercury tablet which he intended to put in hot water to bathe his injured foot and that during the night he got out some sedative tablets and while preparing to take one of them to relieve the pain from the foot, through mistake took the bichloride of mercury tablet instead and died as the result. The question, therefore, is whether the taking of this bichloride of mercury tablet by mistake was so related to the accident of November 20, 1935, as to justify an award of death benefits.

The appellant relies upon cases such as *Chiodo* v. *Newhall Co.* (254 N. Y. 534); *Malgieri* v. *General Electric Co.* (258 id. 620); *Pecorella* v. *Bartenbach, Inc.* (224 App. Div. 803; affd., 249 N. Y. 610); *Huhn* v. *Gehnrich Indirect Heat Oven Co., Inc.* (225 App. Div. 839; affd., 250 N. Y. 568) and others of a similar nature where injured employees sustained second or consequential accidents which were held to have been caused by the first accident. In each of these cases compensation was awarded. A direct relation may there be found between the second accident and the first, such as the injury of the same member or that the physical disability resulting from the first accident was one of the causes of the second accident.

The State Industrial Board relied upon *O' Neil* v. *Carley Heater Co.* (218 N. Y. 414) as its authority for the dismissal of this claim for death benefits. In that case decedent was taken sick while working. He was told by an employee of another company to take some epsom salts and informed where a quantity of these were stored. He went to the place indicated but by mistake took chloride of barium, which almost immediately caused his death. The Court of Appeals in reversing an award of death benefits and dismissing the claim said that the findings did not indicate that the illness resulted from the employment, or, even if it did, that the employer as an incident to or condition of such employment had undertaken to supply medical attendance. It also pointed out that the employer had done nothing to authorize decedent to take the poison on the supposition that it would benefit him and that his mistake was the result of his voluntary action induced by a stranger to his employment.

Our problem has many distinguishing features from the *O' Neil* case. Here decedent's injury and the resultant pain were caused by an accident which arose out of and in the course of his employment. The accident of November 20, 1935, necessitated the

amputation of a portion of the toe on May 26, 1936. Decedent was under the direct care of the physician until June 16, 1936, when he was discharged, although the wound was still healing. A sedative had been prescribed for the pain and the tablets therefor given to him by the physician. The mercury bichloride bath had also previously been prescribed by the same physician for earlier injuries to the same toe. The physician testified that after June sixteenth if the patient was still having pain he might relieve it with the sedative. He did have such pain and it was while attempting to alleviate it that he took the wrong tablet. Thus not only the pain but also the taking of the sedative were the result of the employment. The painful injury and the attempt to minister thereto flowed directly from the employment. The catenation from the injury of November 20, 1935, to the death is continuous. Also the mistake was neither the result of a purely voluntary action nor induced by a stranger to the employment. The present case has all the elements that were pointed out as lacking in the *O' Neil* case. Consequently that case is not a proper precedent here. It is a fair deduction that had those missing elements been present the award would have been sustained in the *O' Neil* case.

Had the physician by mistake administered the bichloride tablet in place of a sedative the right to an award would not be open to question. (*Parchefsky* v. *Kroll Bros., Inc.,* 267 N. Y. 410.) We see no distinction in the fact that decedent made the same mistake while attempting to relieve his pain in the manner and with the medicine prescribed by the physician.

Ordinarily, findings of fact as to causal relation made upon conflicting testimony will not be disturbed. But here the State Industrial Board erred in adopting *O' Neil* v. *Carley Heater Co.* (*supra*) as a controlling precedent and making its findings accordingly. It should, in the interests of justice, be allowed to reconsider its decision and the subsequent findings in the light of this opinion.

The decision should be reversed and the matter remitted to the State Industrial Board.

HILL, P. J., and HEFFERNAN, J., concur; CRAPSER, J., dissents, and votes to affirm.

Decision reversed and matter remitted to the State Industrial Board, with costs to the appellant against the employer and the carrier.