## SECURITY MUT. CASUALTY CO. v. WAKEFIELD et al.

### No. 9186.

Circuit Court of Appeals, Fifth Circuit.

Dec. 22, 1939.

Rehearing Denied Jan. 13, 1940.

Marion L. Hicks and J. H. Barwise, both of Fort Worth, Tex., for appellant.

Robt. C. Pepper and J. Everett Cline, both of Fort Worth, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is a Texas Workmen's Compensation case involving the payment of death benefits to the beneficiaries of Jess W. Butler. On September 16, 1937, Butler, while working for Swift & Company, suffered an accidental injury which resulted in his death. His widow and children filed claim for compensation with the Industrial Accident Board of Texas. The board considered their claim and ordered the compensation carrier, Security Mutual Casualty Company, to make compensation payments to them. The compensation carrier thereupon filed suit in the United States District Court and sought to set

aside the award. The case was tried without a jury and the court entered judgment for the beneficiaries of the deceased employee. From that judgment Security Mutual Casualty Company has appealed.

The parties are in agreement as to the facts in the case. The stipulation of the parties and the findings of the court show that Jess W. Butler was an employee of Swift & Company working in the calf splitting department of the company plant located in Tarrant County, Texas. On the afternoon of September 16, 1937, Butler, while about his work, suffered an attack of heartburn or indigestion. He and a fellow employee left the work room and went to an adjoining pickling room to get a drink of water. On the way to the pickling room Butler told his fellow employee that he would like to have some soda to relieve his heartburn. When the employees reached the pickling room, Butler noticed a barrel containing a substance which he thought to be common baking soda. The barrel was painted red to denote danger, and was labeled "sodium nitrite." The barrel was customarily covered and locked but on this occasion was open. No one was in the room to warn employees of the dangerous properties of the chemical in the open container. Under the artificial light the substance looked much like bicarbonate of soda, and Butler remarked that it looked like soda. He took a small portion on his finger and tasted it and concluded that it was common baking soda. He removed a tin cup from a hanger by the water faucet, placed a portion of the substance in it, dissolved it in water, and drank the mixture. He reported back to the work room and was soon thereafter taken seriously ill. Two hours later he died from the effects of the sodium nitrite which had produced internal hemorrhages and diffusion of blood throughout the body.

The appellant admits that Butler had a right by virtue of custom and practice to go to the pickling room for drinking water. The appellant also concedes that the heartburn of the deceased employee arose out of and was incident to his employment.

The appellant contends, however, that the death of the employee did not arise in the course of his employment within the meaning of the provisions of the Texas Workmen's Compensation Act.

The Texas statute provides for compensation payments when an employee has sustained an injury "in the course of his employment". The compensation act has been under consideration by the courts many times and the character of injury compensable under the law has been defined to be: "An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business." Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 73, 28 A.L.R. 1402; United States Casualty Co. v. Hardie, Tex. Com.App., 299 S.W. 871, 873.

There must be a causal relation between the employment and the injury for liability to attach under the Workmen's Compensation Act. Texas Employers Ins. Ass'n v. Andrews, 130 Tex. 502, 110 S.W. 2d 49; 71 C.J. pp. 647, 648, 651; Texas R.C.S. (1925) Secs. 8306–8309, Vernon's Ann.Civ.St. art. 8306 et seq.

Acts essential to the life, comfort, and convenience of an employee while at work are incidental to his service, and injuries sustained in their performance arise out of the employment and are compensable under the statute. 45 Tex.Jur., p. 511, Sec. 108; Archibald v. Ott, Workmen's Comp. Com'r, 77 W.Va. 448, 87 S.E. 791, L.R.A.1916D, 1013.

When Butler received his injury he had gone after a drink of water to relieve his heartburn. This was concededly a right arising out of and in the course of his employment. When he entered the pickling room he was exposed to its hazards, and the facts show a causal connection between the employment and the injury. It is clear that Butler did not willfully injure himself, and the fact that he may have been negligent is of no consequence here for negligence is not a factor in a compensation case. The Workmen's Compensation Act should be given a broad and liberal construction so that it may accomplish the purposes for which it was enacted. Whether an injury arises out of employment is dependent upon the facts of the particular case and we are of opinion, and so hold, that the injury received by Butler was one within the provisions of the Workmen's Compensation Act. Archibald v. Ott, Workmen's Compensation Com'r, 77 W.Va. 448, 87 S.E. 791, L.R.A. 1916D, 1013; Texas Employers Ins. Ass'n v. Andrews, 130 Tex. 502, 110 S.W.2d 49; Texas Employers Ins. Ass'n v. Cobb, Tex. Civ.App., 118 S.W.2d 375. The cases re-

lied upon by the appellant are distinguishable upon their facts. Cf. O'Neil v. Carley Heater Co., 218 N.Y. 414, 113 N.E. 406, L.R.A.1917A, 349; Yawkey-Bissell Lumber Co. v. Industrial Commission, 215 Wis. 99, 253 N.W. 793; Shepherd v. Washington Park Cemetery Ass'n, 97 Ind.App. 455, 186 N.E. 356.

The appellant further contends that the death of the employee was caused by an act of self-medication in violation of a company rule requiring ailing employees to report to the company hospital, and that the company rule limited the scope of the employee's work. The contention is without merit. The violation of a rule such as the one relied upon by the appellant does not remove an employee from the course of his employment. Liberty Mut. Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787, 794; Travelers Ins. Co. v. Burden, 5 Cir., 94 F.2d 880, 882; Cf. Maryland Casualty Co. v. Brown, 131 Tex. 404, 115 S.W.2d 394.

The record supports the findings and judgment of the court.

The judgment is affirmed.