**TRAVELERS INSURANCE COMPANY,**
*Appellant,*
v.
**Sylvester G. HERNANDEZ, Appellee.**
No. 17943.

United States Court of Appeals
Fifth Circuit.
March 30, 1960.

268

Harry F. Maddin, Frank Guittard, Guittard & Henderson, Victoria, Tex., for appellant.

Armond G. Schwartz, Hallettsville, Tex., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

RIVES, Chief Judge.

This appeal in a case brought under the Texas Workmen's Compensation Act [1] is from a judgment entered upon the following verdict:

"We, the Jury, find for the plaintiff for 200 weeks total incapacity and 0 weeks partial incapacity. We find the difference between plaintiff's average weekly wages before his injury and his average weekly earning capacity to be $.......... We fur-

[1]. Articles 8306–8309, Vernon's Ann.Civil Statutes of Texas.

ther find for (for or against) accelerated payments.

"/s/ Roy Diefel

"Foreman

"Question:

"Were the medical aid, hospital services, medicines, etc., which were furnished by Dr. Hohf, reasonable and needed by plaintiff for proper diagnosis and treatment?

"Answer: Yes

"/s/ Roy Diefel

"Foreman"

The contention on appeal is restricted to that portion of the judgment awarding the plaintiff reimbursement in the amount of $1,424.69 for medical aid, hospital services, medicines, etc. for which he had contracted directly.

The controlling Texas statutes are Article 8306, Section 7, Texas Vernon's Ann.Civil Statutes, as amended, Acts 1957, 55th Legislature, p. 1186, ch. 397, § 1,[2] and perhaps also Section 7a of the same Article, last amended in 1953.[3]

■ Either included by implication in the jury's verdict, or found by the trial court under the provisions of Rule 49(a), Federal Rules of Civil Procedure, 28 U.S.C.A.,[4] is a finding that the appellant insurance carrier failed to furnish reasonable medical aid, hospital services and medicines as and when needed. The appellant urges that there was either no evidence or insufficient evidence to support that finding. Without detailing the testimony on that issue, it is enough to say that we agree with the district court

2. Providing in its most pertinent part:

"  *   *   * If the association fails to so furnish reasonable medical aid, hospital services, nursing, chiropractic services and medicines as and when needed after notice of the injury to the association or subscriber, the injured employee may provide said medical aid, nursing, hospital services, chiropractic services, and medicines at the cost and expense of the association. The employee shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services, nursing, chiropractic services, or medicines, nor shall any person who supplied the same be entitled to recover of the association therefor, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time. At the time of the injury or immediately thereafter, if necessary, the employee shall have the right to call in any available physician, surgeon, or chiropractor to administer first-aid treatment as may be reasonably necessary at the expense of the association." 22 Tex.Civ.Stat.1959 P.P., pp. 3, 4.

3. "Sec. 7a. If it be shown that the association is furnishing medical aid, hospital services, chiropractic services, and medicines provided for by Section 7 hereof in such manner that there is reasonable ground for believing that the life, health or recovery of the employee is being endangered or impaired thereby, the Board may order a change in the physician, chiropractor or other require-

ments of said section. If the association fails promptly to comply with such order after receiving it, the Board may permit the employee or some one for him to provide the same at the expense of the association under such reasonable regulations as may be provided by said board. Acts 1917, p. 269; Acts 1953, 53rd Leg., p. 493, ch. 178, § 3." 22 Tex. Civ.Stat. p. 84.

4. "(a) Special Verdicts. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict."

that it was sufficient to support such finding.

■ Appellant's next contention is that, since it is undisputed that no order of the Texas Industrial Accident Board was obtained for a change in medical aid, hospital services or medicines, Section 7a of Article 8306, Texas Vernon's Ann. Civil Statutes, quoted in footnote 3, supra, is an insuperable obstacle to plaintiff's recovery for such items. Admittedly, this point has not been clearly settled by any decision of the State courts. The one closest in point appears to be Texas Employers' Ins. Ass'n v. Bradshaw, Tex.Civ.App., 1930, 27 S.W.2d 314, where recovery for medical services separately secured by the injured party was sustained. The opinion in that case does not, however, discuss the provisions of Section 7a, supra. Further, the evidence in that case is much clearer than in this that the insurance carrier acquiesced in the second doctor treating the injured workman until he recovered. Appellant insists that Texas Employers Ins. Ass'n v. Hodnett, Tex.Civ.App., 1948, 216 S.W. 2d 301, is controlling. That case, however, was decided under the statute prior to its amendment in 1957. The old statute required express authorization by the Industrial Accident Board for medical services beyond the initial four-week period, and the medical services for which recovery was denied in the Hodnett case were performed after that period. For the same reason, as well as others not necessary to be detailed, this Court's decision in Robertson v. National Surety Corp., 5 Cir., 1953, 208 F.2d 642, is not applicable to the present question. In the absence of an authoritative interpretation of Section 7a by the State courts, the district court and this Court must of necessity determine the meaning and applicability of that Section.

■ Some guidance is furnished by the general rule that the Workmen's Compensation Act should be liberally construed so as to effectuate the beneficent purposes for which it was enacted.[5] Section 7, quoted in part in footnote 2, supra, clearly provides that,

"If the association fails to so furnish reasonable medical aid, hospital services, nursing, chiropractic services and medicines as and when needed after notice of the injury to the association or subscriber, the injured employee may provide said medical aid, nursing, hospital services, chiropractic services, and medicines at the cost and expense of the association."

That provision does not seem to us to be qualified by Section 7a. Many cases might arise in which the securing of reasonable medical aid, hospital services and medicines was urgent or certainly could not await the time that would be necessary to obtain a change order from the Board. Section 7a seems intended simply as a means, when circumstances will permit, to decide in advance on the necessity for a change. It does not, in our opinion, preclude recovery where, as here, the insurer has in fact failed to furnish reasonable medical aid, hospital services and medicines as and when needed after notice of the injury, the services and aid being furnished by the insurer were inadequate, and the circumstances were such as to support a finding that it knew or ought to have known that this was so. The fact that no express demand was made upon the carrier to furnish additional medical service does not preclude recovery here. For, upon sufficient evidence, the jury found that such expenses were reasonable and were needed by the plaintiff for proper diagnosis and treatment, and the court, which had reserved the right to determine whether they were recoverable, determined that they were.

The judgment is

Affirmed.

5. Traders & General Insurance Company v. Collins, Tex.Civ.App., 1959, 321 S.W.2d 178; Indemnity Insurance Company of North America v. Carrell, Tex. Civ.App., 1958, 318 S.W.2d 744; Tex-

as Employers' Ins. Ass'n v. Andrews, 130 Tex. 502, 110 S.W.2d 49; Flock v. J. C. Palumbo Fruit Company, 1941, 63 Idaho 220, 118 P.2d 707.