(No. 10849.—Judgment affirmed.)

THE PEKIN COOPERAGE COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants
in Error.

*Opinion filed February 21, 1917.*

WORKMEN'S COMPENSATION—*when employee may recover under
Workmen's Compensation act for injury from "horse-play" while
waiting in line for his pay.* An employee in a blacksmith shop of
a cooperage plant, who is required to pass through a room in which
power-driven machinery is operated in order to get his pay, may
recover under the Workmen's Compensation act for an injury re-
ceived by being thrown onto the cement floor of such room by the
jostling or "horse-play" of fellow-employees while waiting in line
for his pay.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. LOCKWOOD HONORE, Judge, presiding.

FYFFE, RYNER & DALE, (PAUL N. DALE, of counsel,)
for plaintiff in error.

J. M. RAHN, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

George Garls, one of the defendants in error, was on
November 1, 1913, injured while in the employ of the
Pekin Cooperage Company, the plaintiff in error. There-
after, on July 8, 1914, a committee of arbitration appointed
under the provisions of the Workmen's Compensation act
decided that Garls was entitled to receive from plaintiff in
error compensation at the rate of $6.64 per week for a
period of thirty-four weeks from November 8, 1913. Up-
on review, had upon the petition of plaintiff in error, the
Industrial Board approved and confirmed the decision of
the committee of arbitration and ordered the same to stand
as the decision of the Industrial Board. The record of the
Industrial Board was reviewed by the circuit court of Cook

county upon a writ of *certiorari* issued upon the application of the plaintiff in error, and the decision of the Industrial Board was by the circuit court confirmed. The trial court certified that the cause was not one proper to be reviewed, but this court, at the June term, 1916, upon the petition of plaintiff in error, ordered that a writ of error issue, and the record has been brought here for review.

Plaintiff in error was, at the time Garls was injured, engaged in the cooperage business in the city of Pekin, Illinois. Its plant consisted of various departments, all of which were operated under the same roof. In some of its departments it used power-driven machinery. Garls was employed in the blacksmith department, which was located in a room where no machinery of any kind was used, but in going to and from his work in the blacksmith department he was required to pass through a room in which power-driven machinery was operated. Garls was seventy-three years of age and had been working for plaintiff in error for six or eight years. On November 1, 1913, he quit work about five o'clock and formed in line with the other employees to receive his weekly pay at the office window as he passed out of the building. There were about seventy-five men in line and Garls occupied a position about the middle of the line. Some of the men behind Garls began pushing forward and those in front of him began pushing backward at the same time, and Garls was squeezed out of the line and slipped or stumbled and fell upon the cement floor and received the injuries of which he complains.

Plaintiff in error had never filed any notice with the Industrial Board either accepting or rejecting the provisions of the Workmen's Compensation act, and it contends that the provisions of the act do not apply to this case because it was not engaged, so far as Garls was concerned, in any of the occupations, enterprises or businesses enumerated in paragraph (*b*) of section 3 of the act, and because, further, the injury to Garls was the result of "horse-play," and did

not arise out of the employment and was in no way incidental to his employment.

In its contention that the Workmen's Compensation act did not apply to it so far as Garls was concerned, the plaintiff in error relies upon three New York cases, *Matter of Gleisner* v. *Gross & Herbener*, 155 N. Y. Supp. 946, *Lyon* v. *Windsor*, 159 id. 162, and *Newman* v. *Newman*, 218 N. Y. 325, which hold, in effect, that the business in which the employer is engaged is not the test, but that the employee's right to compensation arises only when he is employed in some line of work enumerated in the statute; that the occupation and employment of the employee—the nature of the work in which he is engaged—is the test, and the injury must be sustained in connection with and incident to some hazardous employment in which the employee is engaged. In construing the provisions of our Workmen's Compensation act we have not adopted the construction placed upon the New York act by the courts of that jurisdiction. In *Suburban Ice Co.* v. *Industrial Board*, 274 Ill. 630, we held that an employer who operated a plant for the manufacture of ice and engaged in the sale of ice, coal, coke and wood and owned and used several teams for the delivery of the same was engaged in an extra-hazardous enterprise under the Workmen's Compensation act, and that a teamster employed by such employer to deliver ice and coal, who was kicked by a horse in a barn where the horses were kept, was within the protection of the act. In *Chicago Dry Kiln Co.* v. *Industrial Board*, 276 Ill. 556, we held that a night watchman employed by a company engaged in drying lumber and operating a planing mill, which was admittedly under the Workmen's Compensation act, and who was injured as a result of an assault made upon him by a person who was attempting to enter a building owned by his employer in the night time and while the mill was not in operation, was within the protection of the act. From these cases it must follow that Garls was within the protec-

tion of the Workmen's Compensation act. The blacksmith shop in which he was employed was operated in connection with the remainder of plaintiff in error's plant, and Garls was required, in going to and from his work and in going to the office to receive his pay, to pass through a room in which power-driven machinery was operated.

There can be no serious contention that the injury did not arise out of his employment. Garls was required to present the slip given him at the window in the office of plaintiff in error to receive his pay. Complying with this regulation and standing in line waiting his turn he was jostled and thrown down and injured through no fault of his own. It does not appear that he was engaged in any jostling or "horse-play" or that he in any way was responsible for the injury he sustained.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

---

(No. 11078.—Judgment reversed.)
THE CITY OF SULLIVAN, Appellee, *vs.* OTTO CLOE, Appellant.

*Opinion filed February 21, 1917.*