No. 21,247.

CLAYTON L. STUART, *Appellee and Appellant,* v. THE CITY OF
KANSAS CITY, *Appellant and Appellee.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Injuries from Sportive Acts of Co-
employee—Liability of Employer.* An employee was injured by hav-
ing mortar playfully or wantonly thrown into his eye by a fellow work-
man. The injured employee was at the time engaged in his regular
work of mixing and carrying mortar. The fellow workman was in
the habit of playing pranks and jokes on the other workmen, and that
habit was known to the immediate superiors of the injured employee.
The employment was governed by the workmen's compensation act.
*Held,* that the injured employee is entitled to compensation under that
act for the injuries inflicted on him; and further *held,* that the mere
fact that an injury to an employee is occasioned by the sportive or
malicious act of a fellow employee does not of itself establish that the
injury arose out of the employment.

2. SAME—*Accident in Course of Employment—Compensation.* Under the
workmen's compensation act, a workman who is injured by accident
arising out of and in the course of the performance of his labor is
entitled to compensation, although he cannot explain how the accident
occurred.

3. SAME—*Judgment Not Excessive.* The amount of compensation fixed
by the judgment does not appear to be excessive.

Appeal from Wyandotte district court, division No. 3; AL-
BERT J. HERROD, judge. Opinion filed January 12, 1918. Re-
versed.

*H. J. Smith, Thomas M. Van Cleave,* and *Lee Judy,* all of
Kansas City, for the appellant and appellee.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for
the appellee and appellant.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment under the
workmen's compensation act for $1,690, and the defendant
appeals.

The plaintiff was employed by the defendant as a laborer in
the defendant's water and light department, and at the time

of the injury which is the basis of this action the plaintiff was engaged in mixing and carrying mortar to other workmen who were repairing boilers in the defendant's plant. The other workmen were working about twenty feet above the ground. After mixing the mortar, the plaintiff carried it in a bucket to a hook on the end of a rope and attached the bucket thereto, and William Deeds, one of the workmen, elevated the mortar and delivered it to other workmen who were laying brick. Just before he was injured, the plaintiff had taken a bucket of mortar and attached it to the rope, and had then stepped back about twenty-five feet and looked up toward William Deeds to see when the bucket was returned, and to ascertain if he wanted anything; while thus standing, a piece of green mortar, made of lime, sand, and cement, fell or was thrown into the plaintiff's eye, which was thereby seriously injured.

On the trial, the plaintiff, in substance, testified that he supposed, but did not know, that Deeds threw the mortar. The plaintiff testified, in part, as follows:

"Q. Did you see Mr. Deeds just before you were hit? A. Yes, sir.

"Q. What was he doing? A. Standing up on this platform.

"Q. Was he making motions of any kind? A. No.

"Q. Had he made any? A. Well, just before this fell in my eye he got down on his hands and knees and looked under the platform and made circular swing with his right arm as though reaching for something; might have tossed something out of his hand, I could n't say.

"Q. Did you see any mortar leave his hand? A. No, sir.

"Q. Did you see any in it? A. I did n't see any in it.

"Q. You thought at the time he did throw it, did you? A. Yes, I thought at the time he threw it."

There was abundant evidence, largely in the nature of admissions made by the plaintiff, to show that Deeds had playfully thrown the mortar.

There was evidence to show that Deeds was playful, sportive, and inclined to play pranks or jokes on his fellow workmen, and that this was known by his immediate superiors at the plant.

The jury answered special questions as follows:

"Question 1: Did the injury to the plaintiff arise out of and in the course of his employment? Answer: Yes.

"Question 2: How many weeks has the plaintiff been totally incapacitated for labor beyond a period of two weeks next succeeding the date of the injury, if any? Answer: Seventeen weeks.

"Question 3: Will the plaintiff continue to be totally incapacitated for labor in the future, and if so, for how many weeks do you find such total incapacity will, in all probability, continue? Answer: Not totally incapacitated.

"Question 4: How many weeks in all do you find the plaintiff has been and will in all probability be partially incapacitated in the future, beyond the period for which you allow him for total incapacity, if any? Answer. 397 weeks.

"Question 5: What is the average weekly wages received by plaintiff in his employment for fifty-two weeks next prior to the date of the injury? Answer: $12.00 per week.

"Question 6: If you find the plaintiff is partially incapacitated from labor by his injury, state what he would probably be able to earn on an average per week at any suitable employment during the period of such partial incapacity, which period must not extend beyond eight years after the date of the injury? Answer: $4.00 per week."

1. The defendant's argument is principally based on the theory that Deeds, in a spirit of sport, threw the mortar at the plaintiff, and that the mortar hit the plaintiff in the eye. The defendant contends that it is not liable for an injury inflicted on one of its workmen by another workman, when the latter injures the former by some prank, sport, or play, or even by an assault. The matter now complained of was presented to the trial court in a number of forms. (1) At the close of the plaintiff's evidence, the defendant asked that the jury be instructed to return a verdict in favor of the defendant. The request was refused. (2) At the close of all the evidence, the defendant again asked that the jury be instructed to return a verdict in favor of the defendant. The request was again refused. (3) The defendant requested an instruction, substantially, that if the plaintiff's injury was caused by a fellow employee throwing mortar at the plaintiff, either maliciously or in sport, the plaintiff could not recover for the resulting injury. No such instruction was given. The court instructed the jury as follows:

"You are further instructed that before the plaintiff is entitled to recover he must show by a preponderance of the evidence that the accident complained of is one which arose out of and in the course of his employment, and in this connection you are instructed that if you find from the evidence that one Deeds, a fellow workman of the plaintiff engaged in the same line of employment, and while so engaged either intentionally or accidentally struck the plaintiff in the eye with a piece of mortar, injuring him, you must find that the injury arose out of and in

the course of the employment of the plaintiff, and if such injury resulted in incapacity to perform labor for a period beyond two weeks from the date of such injury he would be entitled to compensation."

This instruction did not correctly state the law. The first section of the employers' liability act, section 5896 of the General Statutes of 1915, reads, in part, as follows:

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with this act."

A clear and concise statement of the law governing compensation for injuries to employees caused by play is found in Workmen's Compensation Acts, a Corpus Juris Treatise, by Donald J. Kiser, page 79, and is as follows:

"An employee is not entitled to compensation for an injury which was the result of sportive acts of coemployees, or horseplay or skylarking, whether it is instigated by the employee, or whether the employee takes no part in it. If an employee is assaulted by a fellow workman, whether in anger or in play, an injury so sustained does not arise 'out of the employment,' and the employee is not entitled to compensation therefor, unless in a case where the employer knows that the habits of the guilty servant are such that it is unsafe for him to work with other employees."

The rule there declared is supported by *Western Indemnity Co. v. Pillsbury*, 170 Cal. 686; *McNicol's Case*, 215 Mass. 497; *Scott v. Payne Bros.*, 85 N. J. L. 446; *In re Loper*, (Ind. App.) 116 N. E. 324; *Clayton v. Hardwick Colliery Co.*, 85 L. J. K. B. 292. Under these authorities the rule is that where a workman, known by his master to be in the habit of indulging in dangerous play with his fellow workmen, is retained in the master's employ, the danger of injury from such play becomes an incident of the employment of the other workmen, and injury to any of the other workmen, while performing his regular work, caused by such play, comes within the provisions of the workmen's compensation act.

2. Another matter urged by the defendant is that the plaintiff is not entitled to recover under his theory that he did not know whether the mortar was thrown at him by Deeds, or whether the mortar, by some accident, fell from above. In his brief the plaintiff says:

"It was one of the very few disputed facts in this case as to whether

Stuart v. Kansas City.

the mortar which hit the plaintiff in the eye and inflicted the injury upon him was thrown by Mr. Deeds from the elevated platform or not. The plaintiff did not admit that Deeds threw it although he stated that it was his opinion at the time that it had been thrown by Deeds. He, nevertheless, stated that he did not see any mortar in Deeds' hands or see any mortar coming from Deeds toward him, and the defendant's attorney, in his opening statement, said that he thought Deeds denied having thrown the mortar."

On this phase of the case, the defendant requested the following instruction:

"The court instructs the jury that the burden is upon the plaintiff to show that his injury resulted from an accident which arose out of and in the course of his employment, and if you are unable to determine from the testimony whether or not the accident in question was one which arose out of and in the course of his employment, then, under no circumstances is plaintiff entitled to recover and your verdict shall be for defendant."

This instruction was not given.

The defendant's position is not tenable. The plaintiff was engaged in the performance of his labor. If Deeds did not throw the mortar, it fell from the place at which Deeds and the masons were working. It follows, then, that the plaintiff was injured by accident arising out of and in the course of his employment. This brings the injury to the plaintiff within the provisions of the statute, and renders the defendant liable for compensation in this action.

3. The defendant insists that the verdict was excessive. Why or wherein it was excessive is not shown.

The jury found the period of total incapacity, the period of partial incapacity, and the wages that the plaintiff will probably be able to earn in some suitable employment during the period of his partial incapacity. If these facts are taken, and the rules for calculating the amount of compensation as given in sections 5905 and 5906 of the General Statutes of 1915 are followed, it will be found that the amount of compensation fixed by the judgment was correct.

Because of the error in the instructions, the judgment is reversed and a new trial is granted.