No. 21,832.

W. P. WHITE, *Appellee*, v. THE KANSAS CITY STOCK YARDS COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Sportive Acts of Coemployees—Injuries—Liability of Employer*. An employer is liable under the workmen's compensation act for injuries sustained by an employee from an electric shock caused by a mischievous prank of his fellow workmen, when it is shown that the perpetration of such pranks had become a custom on the employer's premises, and consequently had become an incident to the employment.

2. SAME—*Dangerous Practical Jokes—Knowledge of Foreman—Notice to Master*. The person designated by the master to direct the work of employees is a foreman, however limited in other respects his authority may be, and the knowledge of such foreman that dangerous practical jokes were being perpetrated by some of his employees at the expense of other employees was notice to the master.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed January 11, 1919. Affirmed.

*W. L. Wood,* of Kansas City, for the appellant.

*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff was given judgment under the workmen's compensation act against the defendant, who was his employer. Plaintiff's injuries were occasioned through a mischievous prank perpetrated upon him by some of his fellow workmen. They fastened an electrically charged wire to an iron door on the defendant's premises. Plaintiff had to

pass through this door when his day's work was done and when he had washed and dressed to go home. On touching the gate plaintiff was severely shocked and more or less permanently injured.

It is needless to discuss the question whether plaintiff was injured in the course of his employment. Under not dissimilar circumstances, it has been so held in this state. (*Sedlock v. Mining Co.,* 98 Kan. 680, 159 Pac. 9; *Monson v. Battelle,* 102 Kan. 208, syl. ¶ 3, 173 Pac. 927.)

It has also been held that while ordinarily a master is not liable under the compensation act for injuries to a workman which have been caused through the mischievous pranks and sportive jokes of his coemployees, yet the rule is otherwise where the master has knowingly permitted such mischievous pranks to continue. In such cases, the danger of injury becomes an incident of the employment. (*Stuart v. Kansas City,* 102 Kan. 307, 310, 171 Pac. 913.)

The serious contention in this case is that the master did not know that such pranks were being perpetrated on its premises. It would not be unjust to say that the master should have known and was chargeable with notice, for this same mischievous and dangerous prank had been practiced frequently on other workmen off and on for several weeks or months before plaintiff was injured. Here, however, it was shown that plaintiff's foreman, the man who directed his work, was one of the perpetrators of the mischief which injured the plaintiff. This foreman knew this particular prank had become a custom on the employer's premises. Defendant contends 'that this person was not a foreman, but the great weight of the evidence is to the contrary. It is true that this foreman had no general authority, but he was the person whom plaintiff had to obey while in defendant's employment. To that extent he was a foreman, and his knowledge of the electrical mantrap on the door was notice to his principal.

No error appears in the record, and the judgment is affirmed.

BURCH. and PORTER, JJ., concur on the ground the master was chargeable with notice on account of the notoriety and long-continued existence of the practice.