JULIA SOCHA, APPELLEE, v. CUDAHY PACKING COMPANY, APPELLANT.

FILED FEBRUARY 23, 1921.   No. 21810.

1. **Master and Servant: INJURY TO EMPLOYEE: ACT "ARISING OUT OF THE EMPLOYMENT."** Where the nature of the employment is such as to expose a worker to a wrongful act by another worker, which may reasonably be said to have been induced by the peculiar conditions of the employment, the manner in which it was carried on, and the appliances required, such an act may reasonably be said to "arise out of the employment."

2. ————: **WORKMEN'S COMPENSATION ACT: LIABILITY OF EMPLOYER.** While the fact that an employer may have anticipated such an accident as liable to happen is not a ground of liability under the workmens' compensation act, since negligence is not an element in the determination of the award, it affords some light upon the question whether the injury may reasonably be said to "arise out of the employment."

3. **Case Overruled.** The case of *Pierce v. Boyer-Van Kuran Lumber Co.,* 99 Neb. 321, in so far as it conflicts with the principles announced in this case, is overruled.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*C. W. Sears,* for appellant.

*Edward F. Leary* and *George H. Merten, contra.*

LETTON, J.

APPEAL from judgment in favor of a dependent widow under the workmens' compensation act.

Albert Socha was in the employment of the Cudahy Packing Company. In the room in which he was employed were vats in which meat was cooked. When sufficiently cooled, the meat, in metal baskets or crates, was lifted from the vats by means of a compressed air lift attached to an overhead trolley by which the crates were rolled to and emptied upon and at one side of a table about six feet wide. Socha's work was to push the cooked meat across so that the trimmers, who stood upon the other side of the table, could reach it. This at times required a stooping position over the table. The evidence sustains the finding of the trial court that, while Socha was actually engaged in performing this service, and was not engaged in any playful or sportive acts, he sustained accidental injuries, from which he died, as a result of the playful application of a compressed air hose against his person by a fellow workman. The assault caused a rupture of the intestines resulting in septicemia.

It was shown that a printed placard warning against the danger of such use of compressed air was on a bulletin board at the gate to the plant, through which the men entered. A photograph shows that 17 placards on other subjects were upon this board. The two men concerned in the act were Polish, and barely understood the English language enough to testify. The placard is printed in English. There is no proof that their attention had ever been called to the placard, or to the danger of such use of compressed air, or that they had any knowledge of the consequences which might ensue from such an act.

It is admitted that the injury occurred in the course of the employment, and the question presented is whether it arose "out of" the employment. The argument of appellant is that the employer is not liable because the injury did not arise "out of the employment," and that, when the statute of another jurisdiction is adopted, the construction given there is also adopted, unless a contrary intention is expressed by the adopting legislature.

Reliance is placed mainly upon the holding in *Pierce v. Boyer-Van Kuran Lumber Co.*, 99 Neb. 321. In that case it is not quite clear from the opinion how far the injured workman had participated in the skylarking. The decision is based upon *Hulley v. Moosbrugger*, 88 N. J. Law, 161; but the facts in that case are quite different from those before us; and, while the general principle that wilful or sportive acts of a fellow employee causing injury to a workman, not arising out of the employment, do not afford a basis for compensation is sound, yet the courts are not uniform in their decisions as to what acts "arise out of the employment." The opinion in the *Hulley* case quotes with approval from *McNicol's Case*, 215 Mass. 497, as follows: "It arises 'out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. * * * The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Some courts go much farther than others in extending the scope of the term "arising out of" the employment, as shown by the following cases, in which compensation was allowed: *Markell v. Green Felt Shoe Co.*, 221 N. Y. 493. Claimant, while employed as foreman of the shoe company, received injuries resulting in the loss of an eye through the act of an employee of a machinery company who had been repairing machines in defendant's plant, and

who, approaching claimant in a dark room, placed his arms about claimant's neck, and drew his head forward on to a lead pencil in his pocket in such a manner that the lead penetrated the eyeball.

In *In re Heitz v. Ruppert*, 218 N. Y. 148, horses, of which the claimant was the driver, were sprinkled with water by another employee, who intentionally sprinkled some water on claimant. Shortly afterwards claimant touched the other workman on the shoulder saying, "George don't do that again." The other man slapped claimant on the shoulder, and, as claimant turned around, his finger struck claimant's left eye, causing the injury. In *Leonbruno v. Champlain Silk Mills*, 229 N. Y. 470, an employee, while devoting his time to his work, was struck in the eye by an apple thrown by a fellow servant engaged in horse-play. *Verschleiser v. Stern & Son*, 229 N. Y. 192. In *Pekin Cooperage Co. v. Industrial Board*, 277 Ill. 53, a workman was injured by being thrown or falling upon a cement floor, while waiting in line for his pay, by the jostling of fellow workmen, in which he did not engage. In *Pekin Cooperage Co. v. Industrial Commission*, 285 Ill. 31, a worker was injured in a quarrel with another over interference with his work. In *Marchiatello v. Lynch Reality Co.*, 94 Conn. 260, an office boy carelessly picked up and discharged an automatic pistol, the ball passing through a partition and striking a watchman while performing his duties. *In re Loper*, 64 Ind. App. 571, is an air hose case very similar to this one.

Other courts adhere to a stricter construction of the statute. Cases collected in note on page 47, L. R. A. 1916A; *Coronado Beach Co. v. Pillsbury*, 172 Cal. 682, L. R. A. 1916F, 1164; *Federal Rubber Mfg. Co. v. Havolic*, 162 Wis. 341, L. R. A. 1916D, 968; *Tarpper v. Weston-Mott Co.*, 200 Mich. 275; *Payne v. Industrial Commission*, 295 Ill. 388. The three latter cases are air hose cases, but there are additional facts in evidence in this case which to us are important and justify a distinction, such as is made in *In re Loper, supra*.

In England it has been held that liability attached, where an assault is likely to happen from the nature of the work being performed, such as a schoolmaster in an industrial school, assaulted by several of the boys in pursuance of a plan; a cashier carrying money, who was assaulted and robbed, or a foreman of a moving company assaulted by a man whom he had declined to employ. *Trim Joint District School Board v. Kelly*, App. Cas. 1914 (Eng.) 667; *Nisbet v. Rayne & Burn*, 2 K. B. Div. 1910 (Eng.) 689; *Weekes v. Stead & Co.*, W. N. 1914 (Eng.) 263.

In *Challis v. London & S. W. R. Co.*, 2 K. B. Div. (Eng.) 154, it was held that, where the workman was injured by a stone thrown by a boy intentionally, com-. pensation might be had. This is in conflict with the earlier case of *Armitage v. Lancashire & Y. R. Co.*, 2 K. B. Div. (Eng.) 178, cited and relied upon in the *Hulley* case.

In *Dennis' v. White & Co.*, App. Cas. 1917 (Eng.) 479, it is said by Lord Finlay: "If the injury is the result of an assault it is material to show that the employment is such as to involve liability to such mishaps; as in the case of a gamekeeper or watchman; see *Mitchinson v. Day Bros.* and *Weekes v. Stead & Co.* Where the risk is one shared by all men, whether in or out of employment, in order to show that the accident arose out of the employment it must be established that special exposure to it is involved."

In a Scotch case, *Shaw v. Macfarlane*, 52 S. L. R. (1914) 236, a workman in a foundry, stooping in proximity to molten metal, was struck by an intoxicated stranger, fell, and was burned by the metal. It was held the accident arose out of the employment, and it was stated that an earlier case holding to the contrary could not, "looking to the subsequent march of judicial decision, now be supported as sound law."

In this country, in *McNicol's Case*, 215 Mass. 497, a workman was killed by an intoxicated fellow servant,

who, "when intoxicated, was quarrelsome and dangerous, and unsafe to be permitted to work with his fellow employees, all of which was known to the superintendent." Compensation was allowed.

In *Stuart v. City of Kansas City,* 102 Kan. 307, a workman in the habit of playing jokes on the other workmen, which habit was known to his immediate superior, threw some mortar in the eye of a workman who was engaged in his regular work. It was held that the injury arose out of the employment. But the court also took the view that the mere fact that an injury is occasioned by the sportive or malicious act of a fellow employee does not of itself establish that the injury arose out of the employment. In *Polar Ice & Fuel Co. v. Mulray,* 67 Ind. App. 270, the same principle is applied.

In *State v. District Court,* 140 Minn. 75, a worker in a factory, where it was customary for some of the workmen to throw missiles at one another while engaged in work, was struck and injured by such a missile. The employer knew, or should have known, of this custom. It was held that the injury "arose out of the employment." The court cites the *Pierce* case, but holds that the facts were so different that that case was not applicable.

The very fact that injuries of this nature, resulting from the sportive use of compressed air under like circumstances, have been before the courts in a number of cases is worthy of note. Such a combination of elements seems to present a situation attractive and suggestive to a youthful, or to a rude and untutored, mind having no knowledge of the serious or fatal consequences liable to result. This combination of elements may arise out of the nature of the occupation. The liability to perform such acts by the employees was known to the employer, since, as we have seen, warning notices in a language foreign to that of the workmen had been placed upon the bulletin board; and the fact that the men had previously played with the air hose, but not in this manner, was known to the foreman, Schultze, Socha's immediate supe-

rior.   Though negligence is not a necessary element in an award under the act, such knowledge affords light upon the question whether the injury may reasonably be said to arise out of the employment.   If a person familiar with the whole situation could reasonably contemplate that such an accident might result from the peculiar nature and circumstances of the employment, and the nature of the place where the injured man was required to work, then it may reasonably be said to arise out of it.   The principles quoted from the *McNicol's Case, supra,* seem to us to be sound.

We are of the opinion that, under all the facts, such 'a happening might reasonably have been foreseen, and, in fact, was anticipated by the employer in this case, and that the accident arose out of the employment.   So far as the case of *Pierce v. Boyer-Van Kuran Lumber Co., supra,* is in conflict with the principles herein announced, it is overruled.

The decision· of each case rests upon the facts proved, and, since no English case is similar to this in its facts, the contention as to the adoption of the English construction of the statute does not seem convincing.   The general principle of the English rule is not departed from.

AFFIRMED.