GENERAL FOODS CORPORATION, Employer-Appellant below, Appellant,

v.

Hilda TWILLEY, Claimant-Appellee below, Appellee.

Supreme Court of Delaware.

Argued March 10, 1975.

Decided May 28, 1975.

Richard I. G. Jones, of Prickett, Ward, Burt & Sanders, Wilmington, for employer-appellant below, appellant.

John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for claimant-appellee below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this workmen's compensation case, the Industrial Accident Board awarded the employee total disability compensation from the time the employer received notice of the accident and continuing "until the employer shows the availability of regular employment within the claimant's capabilities." The Superior Court affirmed for the reasons given in the Board's opinion. The employer appeals.

The issues raised on this appeal are whether there was substantial evidence sufficient to support the following findings of the Board: (1) that the employee was a non-participating victim of "horseplay" at the time of the accident; (2) that the accident caused the employee's ear and neck injuries; and (3) that the employee's total disability had not ended as of the date of the award.

The unrefuted testimony shows that the employee was at her work station when she was hit on the head by a hard aluminum-foil ball about the size of a softball. The Board found that the incident caused the employee's ear and neck injuries; that it was a compensable industrial accident; that the employee was totally disabled and

that her total disability had not ended as of the date of the award.

## I.

■ The employer contends that there was no compensable industrial accident because the employee was injured while a willing participant in "horseplay" activity. Although the employee testified that she had participated in the ball-throwing activity in the past, the Board found that on the date of the incident she was a non-participating victim of such activity. There is no evidence that the employee was a participant in the "horseplay" at the time of the accident. The employer's reliance on *Ognibene v. Rochester Manufacturing Co.*, 298 N.Y. 85, 80 N.E.2d 749 (1948) is misplaced. A non-participating victim of "horseplay" may recover compensation. 1 Larson, *Workmen's Compensation Law*, § 23.20. We affirm on this issue.

## II.

■ The employer's second contention is that the evidence is insufficient to support the Board's finding that being hit on the head with the ball caused the employee's injuries. We are of the opinion that there was substantial evidence sufficient to require the Superior Court to affirm the finding of the Board as to causation. The testimony of the neurologist does not "dispute a causal relationship"; rather, it supports the Board's finding that the employee's injuries were caused by the accident. The doctor's testimony, and the testimony of the employee and a co-worker who saw the accident and corroborated the employee's complaints of pain, provide substantial evidence sufficient to support the Board's findings as to causation.

## III.

Although we affirm on the above two issues, we must reverse and remand as to the third. We do not reach the question of whether there was substantial evidence sufficient to support the Board's finding that total disability continued through the date of the award.

In determining that the employee's total disability had not ended, the Board discussed the law applicable to conflicting testimony regarding the employee's ability to return to work. The Board stated:

> "* * * it is settled law in this State that 'once total disability is established by the Board, it continues until the employer is able to meet its burden of proof, that is, the employer must show the availability of regular employment within the employee's capabilities.' [Other citations omitted] *Ham v. Chrysler Corp.*, Del.Supr., 231 A.2d 258 (1967). * * * The Board finds that the claimant's total disability status must continue until the, employer shows the availability of regular employment within the claimant's capabilities."

It is clear that in deciding that total disability had not ended the Board incorrectly applied the burden-of-proof rule of the *Ham* case. The Board's ruling is erroneous in its implication that whenever termination of total disability is an issue the employer must show the availability of regular employment within the employee's capabilities. See *Howell v. Supermarkets General Corp.*, Del.Supr., 340 A.2d 833 (1975). As we emphasized in *Howell*, "the burden-of-proof rule of the *Ham* case, which places the burden on the employer to show the availability of employment, is intended to apply only in 'displaced' worker cases." *Franklin Fabricators v. Irwin*, Del.Supr., 306 A.2d 734 (1973).

■■ Accordingly, the Superior Court's affirmance of the Board's decision as to continuing total disability was error. Because the Board's decision pre-dated *Franklin* and *Chrysler Corporation v. Duff*, Del.Supr., 314 A.2d 915 (1974), this case must be remanded in order to give the Board the opportunity of considering the question of the continuance of total disability in the light of those decisions. See *Howell v. Supermarkets General Corp., supra.*

Reversed and remanded.