No. 94,324

CHRISTIE R. COLEMAN, *Appellant,* v.
ARMOUR SWIFT-ECKRICH, *Appellee.*

(130 P.3d 111)

Opinion filed March 24, 2006.

*Jeff K. Cooper,* of Topeka, argued the cause and was on the brief for appellant.

*Mark E. Kolich,* of Lenexa, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Workers Compensation claimant Christie R. Coleman appeals from denial of benefits for a back injury she sustained from a coworker's horseplay.

The pertinent facts are simple and undisputed. While waiting for the start of a meeting required by her employer, Armour Swift-Eckrich, Coleman sat on a chair with rollers, with her feet propped up on another chair. A coworker came up behind Coleman, took hold of the back of her chair, and dumped her out of it and onto the floor. The fall injured her back. There was no ill will between Coleman and her coworker, nor had Coleman done anything to provoke or encourage him. There was no evidence that such horseplay was common at Armour Swift-Eckrich or that the company had in some way condoned the coworker's actions.

Relying on long-standing Kansas precedent, the Administrative Law Judge (ALJ) ruled that the horseplay that injured Coleman did not arise out of and in the course of her employment and thus denied Coleman's compensation claim. The Workers Compensation Board affirmed.

The ALJ reluctantly relied on *Stuart v. Kansas City,* 102 Kan. 307, 171 Pac. 913 (1918). In that case, the injured worker was hurt when a coworker playfully threw mortar into his eye. The trial court instructed the jury to compensate the injured worker if the injury

"arose out of and in the course of" employment. This would be true, the court instructed, if the coworker, while engaged in working, either accidentally or intentionally struck the plaintiff with mortar, injuring him. The jury so found.

On appeal, this court ruled the instruction misstated the law. *Stuart,* 102 Kan. at 310. Recovery should be available, according to this court, only if the injured worker proved that: (1) the coworker injured him in sport; (2) the coworker had a habit of being involved in such dangerous play; and (3) their superiors were aware of the coworker's habits. *Stuart v. Kansas City,* 102 Kan. 563, 171 Pac. 913 (1918) (opinion on motion for rehearing).

The *Stuart* decision relied primarily on a then-current treatise, reciting:

"A clear and concise statement of the law governing compensation for injuries to employees caused by play is found in Workmen's Compensation Acts, a Corpus Juris Treatise by Donald J. Kiser, page 79, and is as follows:

'An employee is not entitled to compensation for an injury which was the result of sportive acts of coemployees, or horseplay or skylarking, whether it is instigated by the employee, or whether the employee takes no part in it. If an employee is assaulted by a fellow workman, whether in anger or in play, an injury so sustained does not arise 'out of the employment,' and the employee is not entitled to compensation therefor, unless in a case where the employer knows that the habits of the guilty servant are such that it is unsafe for him to work with other employees.' " *Stuart,* 102 Kan. at 310.

This court also observed in *Stuart* that the rule it adopted was consistent with those in other states. 102 Kan. at 310. Later Kansas cases have maintained the vitality of the *Stuart* rule. See *Neal v. Boeing,* 161 Kan. 322, 167 P.2d 643 (1946); *Thomas v. Manufacturing Co.,* 104 Kan. 432, 179 Pac. 372 (1919); *White v. Stock Yards Co.,* 104 Kan. 90, 177 Pac. 522 (1919).

Coleman argues that she should nevertheless be compensated for her injuries because she was an innocent victim of horseplay. She urges us to apply what has become the majority rule in our sister states, as articulated in Larson's Workers' Compensation Law: "[T]he non-participating victim of horseplay may recover compensation." 2 Larson's Workers' Compensation Law § 23.02, 23-2 (1999). Two members of the Workers Compensation Board (Board) agreed with Coleman, stating in their dissent: "Because of

their jobs, workers are placed in close proximity of others . . . . [I]t is neither unexpected nor surprising that coworkers would occasionally engage in sportive acts. Accordingly, horseplay is a risk of employment" and analogous to other risks, such as broken parts flying from machines.

Armour Swift-Eckrich argues that our precedent is clear and controlling; thus horseplay is not compensable in Kansas, regardless of a claimant's participation or lack thereof, unless the employer had actual or constructive knowledge of the horseplay and permitted it to continue.

K.S.A. 2005 Supp. 44-556(a) authorizes judicial review of Board orders on questions of law in accord with the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* In addition, whether an injury is compensable is a question of law, and this court's review is unlimited. *Frazier v. Mid-West Painting, Inc.*, 268 Kan. 353, 356, 995 P.2d 855 (2000). Because the legal issue before us is governed by a rule of common law rather than statute or regulation, the Board is not entitled to deference under the doctrine of operative construction. See, *e.g., Foos v. Terminix*, 277 Kan. 687, 692-93, 89 P.3d 546 (2004).

We first observe that the Workers Compensation Act covers only personal injuries "by accident arising out of and in the course of employment." K.S.A. 2005 Supp. 44-501. The phrase "in the course of" employment relates to time, place, and circumstances under which the accident occurred, and requires that the injury happen while the employee is at work in his or her employer's service. *Siebert v. Hoch*, 199 Kan. 299, Syl. ¶ 2, 428 P.2d 825 (1967). The "in the course of" requirement is not at issue on this appeal. Coleman was on the clock and waiting for the start of a meeting required by Armour Swift-Eckrich at the time of her injury.

The phrase "arising out of" implies some causal connection between the accidental injury and the employment. *Rush v. Empire Oil & Refining Co.*, 140 Kan. 198, Syl. ¶ 1, 34 P.2d 542 (1934). An injury is compensable if it arises out of the "nature, conditions, obligations and incidents of the employment." *Siebert v. Hoch*, 199 Kan. 299, Syl. ¶ 4, 428 P.2d 825 (1967).

The burden to show that an injury arose out of employment is upon the claimant. *Jones v. Lozier-Broderick & Gordon*, 160 Kan. 191, 195, 160 P.2d 932 (1945). That burden is satisfied if the claimant introduces any substantial competent evidence tending to support findings of an award, even if there is competent evidence to the contrary. *Pence v. Centex Construction Co.*, 189 Kan. 718, 720, 371 P.2d 100 (1962).

Armour Swift-Eckrich is correct that our precedent dealing with situations similar to Coleman's is clear and, if adhered to, would deny her relief.

Just a year after *Stuart* was decided, this court issued its opinion in *White*, 104 Kan. 90. In that case, a coworker had fastened an electrically charged wire to an iron door as a prank, which "severely shocked" the claimant. 104 Kan. 90. The court held that the claimant was entitled to recover because such pranks had become a custom on the employer's premises, and, consequently, qualified as an "incident" of the employment. The decision cited *Stuart* for the rule that,

"while ordinarily a master is not liable under the compensation act for injuries to a workman which have been caused through the mischievous pranks [of his coworkers], the rule is otherwise where the master has knowingly permitted such mischievous pranks to continue." 104 Kan. at 91.

The outcome and rationale of another 1919 case were similar. In that case, *Thomas*, 104 Kan. 432, a worker was compensated for injuries she sustained during a noon break when, after eating lunch, she and her coworkers took turns pulling each other on a small truck used to transport boxes. The workers had previously asked the employer's permission to ride on the truck, and the employer had approved the activity. *Thomas*, 104 Kan. at 433.

The comparatively recent case of *Neal v. Boeing Airplane Co.*, 161 Kan. 322, 167 P.2d 643 (1946), also applied the *Stuart* rule, denying compensation for injuries sustained by an employee as a result of his own horseplay. The activity had not become a habit in the workplace. Most noteworthy for our purposes here, the claimant in that case argued that the *Stuart* rule was outmoded and no longer favored by a majority of courts. At that time, 1946, this court

declined to depart from its precedent, relying heavily on the fact that the claimant before it had instigated the harmful horseplay. *Neal*, 161 Kan. at 324.

*Stuart* and these three cases compose the universe of Kansas common law on the compensability of injuries sustained because of workplace horseplay. The rule is clear, if a bit decrepit and unpopular: An injury from horseplay does not arise out of employment and is not compensable unless the employer was aware of the activity or it had become a habit at the workplace—in essence, placing the employer on constructive notice of its practice and destructive potential. This rule has held firm where the injured employee was a participant in the horseplay, as in *Neal* and *Thomas*, and where the injured employee was a nonparticipating victim, as in *Stuart* and *White*. Simply put, the fact on which Coleman attempts to rely, her nonparticipant status, has not been determinative; an employer's actual or tacit approval has told the tale.

Thus Coleman cannot prevail on this appeal unless we are willing to do now what this court was unwilling to do in *Neal* in 1946: Reevaluate the wisdom of the horseplay rule. Sixty years later, we think it is time to do so.

Coleman is correct that the climate has changed since *Stuart* was decided. The Kansas rule, once in the clear majority, is now an anachronism.

As observed in Larson's Workers' Compensation Law treatise: "It is now clearly established that the nonparticipating victim of horseplay may recover compensation. The modern observer may find it hard to believe that such claims were uniformly denied in early compensation law." 2 Larson's Workers' Compensation Law § 23.02, 23-2 (1999); see also Hood, Workers' Compensation and Employee Protection Laws 66 (3d ed. 1999) (little difficulty in covering nonparticipant victim; injury viewed as within scope of risk of one's employment); 1 Modern Workers Compensation § 115:3 (1993) (accidental injury occurring at workplace not considered arising out of the employment if "*engaged* in horseplay at the time" [Emphasis added.]).

Larson's treatise also observes that then-Judge Benjamin Cardozo's opinion in *Matter of Leonbruno v. Champlain Silk Mills*,

229 N.Y. 470, 128 N.E. 711 (1920), is considered the starting point of the modern rule permitting recovery to an innocent victim of a coworker's horseplay. In that case, one worker threw an apple at another, which hit the claimant, a bystander, in the eye. Judge Cardozo wrote:

"That [the injury] arose 'in the course of the employment' is unquestioned. That it 'arose out of' employment we now hold. The claimant's presence in a factory in association with other workmen involved exposure to the risk of injury from the careless acts of those about him. He was brought by the conditions of his work 'within the zone of special danger.' [Citation omitted]. Whatever men and boys will do, when gathered together in such surroundings, at all events if it is something reasonably to be expected, was one of the perils of his service. . . . 'For workmen . . . to indulge in a moment's diversion from work to joke with or play a prank upon a fellow workman, is a matter of common knowledge to everyone who employs labor.' . . . The risks of such associations and conditions were the risks of employment." 229 N.Y. at 471-72.

Coleman also directs us to *Kammerer v. United Parcel Service*, 136 Or. App. 200, 901 P.2d 860 (1995), in which a claimant was compensated for injuries when a coworker "flicked" a plastic tag at her that injured her eye, and *Borden Mills, Inc. v. McGaha*, 161 Tenn. 376, 32 S.W.2d 1039 (1930), in which a claimant, sitting on box, was pushed by coworker in jest and the Tennessee court held that the injuries were compensable.

In addition to these cases from New York, Oregon, and Tennessee a large number of cases from states with workers compensation statutes similar to Kansas' have adopted the interpretation urged by Coleman. See, *e.g., Gilbert v. Tyson Foods, Inc.*, 782 So. 2d 786 (Ala. Civ. App. 2000) (claimant struck in back by coworker; although claimant engaged in horseplay in past, nonparticipant in incident before court; injury compensable); *Pacific Emp. Ins. Co. v. Ind. Acc. Com.*, 26 Cal. 2d 286, 291-94, 158 P.2d 9 (1945) (claimant struck by roll thrown by one coworker at another; court rejected precedent to hold nonparticipant entitled to compensation); *Gates Co. v. Industrial Com.*, 112 Colo. 480, 150 P.2d 301 (1944) (claimant playfully pushed off roller upon which he was sitting while waiting for technician; injury compensable); *Mascika v. Connecticut Tool & Engineering Co.*, 109 Conn. 473, 147 A. 11 (1929) (claimant hit by stick thrown by coworker; injury compensable);

*General Foods Corporation v. Twilley*, 341 A.2d 711 (Del. Super. 1975) (claimant struck by aluminum-foil ball; injury compensable because nonparticipant); *Ivy H. Smith Co. v. Kates*, 395 So. 2d 263 (Fla. Dist. App. 1981) (coworker throws vine at claimant, yells "snake"; claimant's injuries from heart attack compensable); *American Mut. Liability Ins. Co. v. Benford*, 77 Ga. App. 93, 47 S.E.2d 673 (1948) (claimant strikes head on rail when coworker throws block at him; court overrules precedent to hold that innocent employee's injury from horseplay of coworker compensable); *Internat. Harvester Co. v. Indus. Com.*, 354 Ill. 151, 187 N.E. 916 (1933) (coworker, in play, shoots air into claimant's body, rupturing claimant's bowels; injury compensable); *Pekin Cooperage Co. v. Indus. Board*, 277 Ill. 53, 115 N.E. 128 (1917) (claimant jostled while in line for paycheck; injury compensable); *Chicago, etc., R. Co. v. Clendennin*, 81 Ind. App. 323, 143 N.E. 303 (1924) (supervisor injured when employee throws rock; injury compensable as pranks, jokes commonly incident of employment); *Phil Hollenbach Co. v. Hollenbach*, 181 Ky. 262, 204 S.W. 152 (1918) (claimant electrocuted by coworker's prank; compensable); *Johnson v. Zurich General Accident & Liability Co.*, 161 So. 667 (La. App. 1935) (night watchman dies of heart attack when subjected to practical joke kidnapping by coworkers; injury compensable); *Barden v. Archer Daniels Midland Co.*, 187 Minn. 600, 246 N.W. 254 (1933) (claimant innocent victim of horseplay; death from injuries compensable); *Miles, et al. v. Myatt*, 215 Miss. 589, 61 So. 2d 390 (1952) (coworker bear-hugs, trips coworker; momentary horseplay in which claimant not aggressor compensable); *Socha v. Cudahy Packing Co.*, 105 Neb. 691, 181 N.W. 706 (1921) (claimant's death from injuries inflicted by horseplay with air hose compensable; irrelevant whether employer anticipated horseplay); *Diaz v. Newark Industrial Spraying, Inc.*, 35 N.J. 588, 174 A.2d 478 (1961) (claimant sprays water at coworker; coworker throws contents of pail on claimant, unaware contents flammable; claimant severely burned; court rejects old rule; injury compensable; employer's lack of knowledge of horseplay irrelevant); *Chambers v. Union Oil Co.*, 199 N.C. 28, 153 S.E. 594 (1930) (claimant accidentally shot by coworker playing around; pranks incident to employment; injury

compensable); *Roxana Petroleum Corp. v. State Industrial Com.,* 134 Okla. 181, 272 P. 847 (1928) (injury from rock thrown by coworker arises out of employment); *Allsep v. Daniel Const. Co. et al.,* 216 S.C. 268, 57 S.E.2d 427 (1950) (claimant playfully pulled off truck by coworker; injury from horseplay incident to, arose out of employment); *Cassell v. Fidelity & Guarantee Co.,* 115 Tex. 371, 283 S.W. 127 (1926) (injury from horseplay in which claimant did not participate compensable; irrelevant employer did not authorize, know of activity); *Dublin Garment Co. v. Jones,* 2 Va. App. 165, 342 S.E.2d 638 (1986) (unsuspecting nonparticipating claimant injured when knees buckled after coworker grabbed her by shoulders); *Sizemore v. Workmen's Comp. Com'r,* 160 W. Va. 407, 235 S.E.2d 473 (1977) (coworker playfully hit claimant on hardhat with hammer handle; compensation appropriate to innocent victim of horseplay); *Newport H. C. Co. v. Industrial Comm.,* 167 Wis. 630, 167 N.W. 749 (1918) (tools wired to give claimant coworker shock as practical joke; death compensable despite employer's lack of knowledge; injury arose from horseplay incidental to employment).

Courts of last resort, such as this one, are not inexorably bound by their own precedents. They follow the rule of law established in earlier cases unless clearly convinced that the rule was originally erroneous or is no longer sound. *State v. Marsh,* 278 Kan. 520, Syl. ¶ 23, 102 P.3d 445 (2004). We are clearly convinced here that our old rule should be abandoned. Although appropriate for the time in which it arose, we are persuaded by the overwhelming weight of contrary authority in our sister states and current legal commentary.

Finally, we respond directly to the last argument advanced by counsel for Armour Swift-Eckrich—that it makes no sense to regard an injury to a worker who is a nonparticipant in horseplay as "arising out of" employment when an injury to a worker who is a participant is not so regarded. In fact, however, it makes a great deal of sense. As observed by then-Judge Cardozo, a nonparticipant worker is exposed to the danger created by his or her coworker's horseplay through no choice of his or her own. The mere fact of worker status gives rise to the exposure; any resulting injury arises

out of employment. In contrast, a participating worker makes a choice to step away from his or her status and responsibilities as an employee to engage in playful but hazardous conduct. Such a worker's resulting injury is not an artifact of that status or those responsibilities; it does not arise out of employment under the Workers Compensation Act.

Reversed and remanded for further proceedings consistent with this opinion.