NOT DESIGNATED FOR PUBLICATION

No. 113,110

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PAUL M. ROBINSON,
*Appellant*,

v.

GOFF MOTORS/GEORGE-NIELSON MOTOR CO., G & G, INC.
and
KANSAS AUTOMOBILE DEALER WORK COMP. FUND,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed February 26, 2016. Affirmed.

*Mitchell W. Rice*, of Mann Law Offices, L.L.C., of Hutchinson, for appellant.

*Brandon A. Lawson*, of Evans & Dixon, LLC, of Kansas City, Missouri, for appellees.

Before STANDRIDGE, P.J., BUSER and SCHROEDER, JJ.

*Per Curiam*:  Paul M. Robinson appeals a denial of compensation by the Workers Compensation Board (Board) for an injury he suffered at work. The Board held that workers compensation was statutorily disallowed under the circumstances of Robinson's accident. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 16, 2012, Robinson injured his right knee during a physical encounter with a co-employee, Jeff Schnitker, at their place of employment, G & G, Inc.,

1

a car dealership. Robinson filed for workers compensation benefits on the basis that "[a]n employee threw him over leg." In a deposition, Robinson testified that he first "bear hugged" Schnitker "a little bit" and then walked away. Robinson said Schnitker approached him from behind, grabbed him, and "crank[ed]" his leg against Schnitker's own leg. Robinson said, "[o]n the third time my leg gave out, felt it pop about three times and I fell to the floor."

Later, however, Robinson gave a different account of his injury. He told a physician during an independent medical evaluation (IME) that "he was going downstairs when he miss-stepped [*sic*], wrenching the right knee."

In a deposition in this workers compensation case, Schnitker testified that Robinson had placed him in a bear hug from behind. Schnitker said he told Robinson to release him, but Robinson refused. According to Schnitker, he then swung his own leg behind Robinson's, causing them both to fall. Of note, Schnitker denied Robinson walked away during the incident.

The parties submitted the case to the administrative law judge (ALJ) based on depositions and the IME report. The ALJ found Robinson had: "voluntarily participated in the incident of 'horseplay' which resulted in his knee injury. He was the one that initiated the contact and did not discontinue the contact when requested." As a consequence, the ALJ held that workers compensation benefits were disallowed under K.S.A. 2015 Supp. 44-501(a)(1)(E).

Robinson sought review by the Board. Upon its review of the case, the Board found Robinson and Schnitker "were not involved in a fight." The Board, like the ALJ, found Robinson "willingly and voluntarily engaged in horseplay that resulted in his injury," and that benefits were disallowed under K.S.A. 2015 Supp. 44-501(a)(1)(E).

2

Robinson filed a timely appeal.

ANALYSIS

Robinson argues the Board erred in two ways. First, Robinson contends the Board erred in finding that he voluntarily engaged in horseplay resulting in his injury. Second, Robinson contends K.S.A. 2015 Supp. 44-501(a)(1)(E) does not control over a common-law rule which limited compensability to instances where the employer had notice of horseplay at work but allowed it to continue.

*Horseplay Resulting in Robinson's Injury*

Robinson's first argument relates to the Board's factual findings. To prevail on appeal, Robinson must show the Board's findings were "not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole." K.S.A. 2015 Supp. 77-621(a)(1), (c)(7). The appropriate standard of proof is "a preponderance of the credible evidence." K.S.A. 2015 Supp. 44-508(h); see K.S.A. 2015 Supp. 44-501b(c). "In reviewing the evidence in light of the record as a whole, the court shall not reweigh the evidence or engage in de novo review." K.S.A. 2015 Supp. 77-621(d).

Robinson complains that the Board found he "voluntarily participated in the horseplay without any comment or analysis related to the conflicting testimony of all of the witnesses." Robinson also reiterates his own testimony that he was "walking away when he was essentially attacked by Mr. Schnitker, causing the injury."

We agree the Board did not explicitly express an opinion on Robinson's credibility. But substantial evidence supported the Board's factual findings. Robinson admitted to initiating horseplay at work, and the only dispute was whether the horseplay

3

resulted in Robinson's injury. Schnitker testified it did, and it is beyond our standard of review to weigh that testimony against Robinson's account of being accosted from behind. In short, Robinson does not meet his burden to show the Board's decision was unsupported by the evidence.

*Application of K.S.A. 2015 Supp. 44-501(a)(1)(E)*

Robinson's second argument focuses on the Board's application of K.S.A. 2015 Supp. 44-501(a)(1)(E) to its factual findings. In order to prevail on appeal, Robinson must show the Board has "erroneously interpreted or applied the law." K.S.A. 2015 Supp. 77-621(c)(4).

A short summary of Kansas law is necessary to explain our analytical method. In considering Robinson's argument, our court exercises unlimited review over statutory interpretation, paying no deference to the Board's interpretation. See *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 955, 335 P.3d 1178 (2014). "The most fundamental rule of statutory interpretation is that the intent of the legislature governs if that intent can be ascertained." *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). We attempt to ascertain the legislative intent from the language of the statute, and where a statute is plain and unambiguous, we "will not read into the statute something not readily found in it." 298 Kan. at 738-39.

Following extensive amendments to the Workers Compensation Act (Act) in 2011, the Act no longer begins with a statement of coverage, but with a statement of situations where coverage is "disallowed." See K.S.A. 2015 Supp. 44-501(a)(1); K.S.A. 44-501(a); L. 2011, ch. 55, sec. 3. In relevant part: "Compensation for an injury shall be disallowed if such injury to the employee results from . . . the employee's *voluntary participation in fighting or horseplay with a co-employee for any reason*, work related or otherwise." (Emphasis added.) K.S.A. 2015 Supp. 44-501(a)(1)(E).

Robinson acknowledges this statute but he relies on the common-law horseplay rule summarized in *Coleman v. Swift-Eckrich*, 281 Kan. 381, 385, 130 P.3d 111 (2006) that states: "An injury from horseplay does not arise out of employment and is not compensable unless the employer was aware of the activity or it had become a habit at the workplace—in essence, placing the employer on constructive notice of its practice and destructive potential."

Robinson argues his employer "clearly had actual knowledge of horseplay in the workplace and allowed it [to] continue and even condoned such behavior." Robinson cites authority holding: "When the legislature has intended to abolish a common-law rule, it has done so in an explicit manner. In the absence of such an expression of legislative intent, the common law remains part of our law." *In re P.R.G.*, 45 Kan. App. 2d 73, Syl. ¶ 4, 244 P.3d 279 (2010). The upshot, Robinson suggests, is a "common law exception" to K.S.A. 2015 Supp. 44-501(a)(1)(E) which allows compensation in his case.

Robinson's argument assumes *Coleman* did not modify the common-law horseplay rule regarding notice to employers in cases like this one. *Coleman* modified the rule to allow compensation where there was "no evidence" the employer had notice of the horseplay in the case of a "*nonparticipating*" employee. (Emphasis added.) 281 Kan. 381, Syl. ¶. However, *Coleman* did not specifically address the outcome for a participating employee, like Robinson.

In any event, the Board held K.S.A. 2015 Supp. 44-501(a)(1)(E) simply abolished the common-law rule regarding notice to employers:

"Prior to May 15, 2011, Kansas did not have a statute addressing horseplay. Prior Kansas decisions, which were based on the common law and decided without the benefit of a statute concerning horseplay, generally indicate horseplay injuries are not compensable unless horseplay was a regular incident of employment of which respondent

5

was aware and allowed to continue. [Citation omitted.] Claimant argues such prior decisions control. The Board disagrees. The 2011 amendments to the . . . Act contain no language echoing case law which predated the change in the law. The new law does not contain an unwritten exception that injuries occurring during employer-condoned horseplay are compensable. To so conclude, the Board would be grafting unwritten language onto the statute and failing to interpret the statute based on its plain meaning."

We agree with the Board. The statutory language at K.S.A. 2015 Supp. 44-501(a)(1)(E) is sufficiently broad to show a legislative intent to abolish the common-law horseplay rule regarding notice to employers. This common law was, after all, really a judicial construction of a statutory phrase, "arising out of" employment. K.S.A. 44-501(a); *Hallett v. McDowell & Sons*, 186 Kan. 813, 817, 352 P.2d 2d 946 (1960) ("the rule [is] that if an employee is assaulted by a fellow workman, whether in anger or in play, an injury so sustained does not arise 'out of the employment' and the employee is not entitled to compensation unless the employer had reason to anticipate that injury would result if the two continued to work together").

But "[t]he availability of workers compensation benefits to injured employees arises under statutes, not under the court-made common law." *Gutierrez v. Dold Foods, Inc.*, 40 Kan. App. 2d 1135, 1136, 199 P.3d 798 (2009). Hence, "[w]e must begin our analysis, as we do in any case governed by a statute, with the specific words chosen by the legislature." 40 Kan. App. 2d at 1136-37.

In 2011, the legislature excluded from coverage injuries such as Robinson's. There is no need for judicial construction to determine whether he suffered an injury "arising out of" his employment. K.S.A. 2015 Supp. 44-501b(b). The plain and unambiguous language of K.S.A. 2015 Supp. 44-501(a)(1)(E) answers the question for us:  Workers compensation for Robinson's injury is disallowed because it resulted from his voluntary participation in horseplay with a co-employee for any reason.

6

Affirmed.