(697 P.2d 891)
No. 56,772

HECTOR QUINONES, *Appellant,* v. MBPXL CORPORATION and COMMERCIAL UNION ASSURANCE COMPANIES, *Appellees.*

Opinion filed April 4, 1985.

*Patrick L. Dougherty,* of Wichita, for appellant.

*Frederick L. Haag,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for appellees.

Before ABBOTT, P.J., PARKS and MEYER, JJ.

ABBOTT, J.: The claimant, Hector Quinones, appeals from a judgment in a workers' compensation case which held that the loss of sensation in his left lower extremity is not compensable under the Workmen's Compensation Act.

The dispositive facts are simple and are largely undisputed. Claimant's right arm was caught by two meat hooks and pulled into a machine, causing injuries that are not in question on appeal. In an attempt to restore maximum use and an ability to feel in the injured hand and arm, a nerve was transplanted from claimant's left leg.

As a result of the nerve's being removed, claimant has no feeling in an area several inches wide extending along the back of his left leg from his ankle to his knee and the lateral aspect of his foot. The question before us is whether this loss of sensation is a compensable injury.

The nerve that was transplanted controlled sensation only and had no bearing on motion or strength.

The administrative law judge gave claimant a permanent partial disability to the body as a whole because of the loss of sensation, reasoning as follows:

"Claimant's general body disability results from the combination of injuries to his right arm and the harvest site of his left foot and leg of the nerve transplanted into his right arm. Both Dr. Artz, the treating orthopedic surgeon, and Dr. Schlachter gave a functional disability rating to the left leg. Dr. Goodpasture, Respondent's examining doctor, testified claimant suffered a change from normal

as a result of loss of sensation in the left leg, even though he assigned no functional loss to the Claimant's left leg."

The director reversed the award for compensation to the claimant's leg and for general bodily disability, stating:

"After reviewing the record in this matter, the Director believes that the award should provide for compensation to claimant's injured right arm, but should not include compensation for claimant's leg nor for any general body disability. The Director notes that the physicians in this matter who did assign a percentage of disability did so on the basis of loss of sensation, but both physicians then added that there is no actual loss of use, but rather a loss of sensation. Unlike a loss of sensation to the fingers of the hand which could amount to a disabling result, there is no indication in the record that the loss of skin sensation on the back of claimant's lower leg would result in any actual loss of the use of the leg. The only difference would be that claimant could burn the leg or cut the leg and not be aware that he had done so, however, the leg functions as though the nerve were never removed."

The trial judge adopted the director's findings of fact and conclusions of law. We reverse.

Disability resulting from skillful medical treatment for compensable injuries is compensable. *Duncan v. Davidson Construction Co.*, 170 Kan. 520, 526-528, 227 P.2d 95 (1951). Both parties tacitly agree to this proposition.

In *Anderson v. Kinsley Sand & Gravel, Inc.*, 221 Kan. 191, 196, 558 P.2d 146 (1976), the Supreme Court concluded: "[A] workman is entitled to recover an award equal to the percentage of his *physiological* capabilities lost by reason of an injury occurring within the scope of his employment." (Emphasis supplied.) The same opinion defined functional disability as "the loss of a part of the total physiological capabilities of the human body." p. 195. See also *Gross v. Herb Lungren Chevrolet, Inc.*, 220 Kan. 585, 587, 552 P.2d 1360 (1976).

In this case, the three physicians who testified agreed that claimant had suffered a loss of sensation (pain, heat, cold) in his calf and lateral aspect of his foot. This loss could cause claimant to injure his leg or foot without being aware of it, and makes him less employable as a manual laborer since he cannot feel cold or heat and feels no sensation of pain.

The holdings in *Anderson* and *Gross* focus on the loss of physiological capabilities and totality of functions. Here, all three testifying physicians agreed that Quinones' calf has suffered a loss of tactile sense, which we hold to be a compensable loss of physiological capabilities.

Reversed and remanded for determination of the extent of disability.