(783 P.2d 348)
No. 62,766 ■

KARL MCLAUGHLIN, *Appellee,* v. EXCEL CORPORATION, *Appellant.*

Opinion filed August 11, 1989.

*David J. Rebein* and *Michael A. Doll,* of Mangan, Dalton, Trenkle, Rebein & Doll Chartered, of Dodge City, for appellant.

*Kelly W. Johnston,* of Johnston & Johnston P. A., of Wichita, for appellee.

Before BRAZIL, P.J., LARSON, J., and JOHN W. WHITE, District Judge, assigned.

WHITE, J.: Excel Corporation appeals the district court's finding in a workers' compensation proceeding. The issue appealed is a question of law: Is proof of functional impairment required to support a finding of permanent partial disability under K.S.A. 44-510e? The administrative law judge (ALJ) held there can be no award for permanent partial general disability without a showing of functional impairment. The district court reversed the determination of the ALJ and found the appellee Karl McLaughlin to be 50 percent permanently partially disabled. We affirm.

McLaughlin began working for Excel on July 29, 1985. After three job assignments, he was transferred to the job of "chuck bagger." His job duties consisted of taking chunks of meat weighing from 5 to 100 pounds from a conveyor belt and pushing them into a bag. McLaughlin handled approximately 6,000 cuts of meat

every eight-hour shift. His job required much twisting and turning of his wrists.

In May 1986, McLaughlin began to experience pain and stiffness in his shoulders, arms, and wrists. He reported his condition to the company nurse, who gave him aspirin and hot wax treatments. McLaughlin's condition did not improve, and on July 12, 1986, he terminated his employment with Excel.

McLaughlin was examined by three physicians. McLaughlin's family physician examined him on two occasions and prescribed Motrin for the pain.

Dr. Tyrone Artz, an orthopedic surgeon, examined McLaughlin and testified that he had a problem with tendonitis and overuse of the upper extremities, particularly the hands. Dr. Artz was of the opinion that McLaughlin's employment had caused the condition and recommended McLaughlin not continue to work at a job which required repetitive pushing, pulling, and twisting with the hands. Dr. Artz testified that McLaughlin had suffered no functional impairment and gave the opinion that McLaughlin, due to his slight build, was not physically able to continue in the job he had held at Excel.

Dr. George Lucas, a hand surgeon, examined McLaughlin and found that he suffered from muscle fatigue syndrome. Dr. Lucas testified that this syndrome was not a permanent condition. He testified that in his opinion McLaughlin had no functional impairment. Dr. Lucas agreed with Dr. Artz that McLaughlin was too small in stature to do the work of a "chuck bagger."

The issue on appeal is purely a question of law. "[A]ppellate review of conclusions of law is unlimited." *Utility Trailers of Wichita, Inc. v. Citizens Nat'l Bank & Tr. Co.*, 11 Kan. App. 2d 421, 423, 726 P.2d 282 (1986).

In this case, it is undisputed that McLaughlin suffered no functional impairment. Excel argues that proof of functional impairment is necessary for a finding of permanent partial disability under K.S.A. 44-510e. We disagree.

K.S.A. 44-510e (in effect at the time of this incident) provided in relevant part:

"Permanent partial general disability exists when the workman is disabled in a manner which is partial in character and permanent in quality and which is not covered by the schedule in K.S.A. 44-510d, as amended. The

extent of permanent partial general disability shall be the extent, expressed as a percentage, to which the ability of the workman to engage in work of the same type and character that he was performing at the time of his injury, has been reduced."

"Functional disability is the loss of a part of the total physiological capabilities of the human body." *Anderson v. Kinsley Sand & Gravel, Inc.*, 221 Kan. 191, 195, 558 P.2d 146 (1976). Work disability, on the other hand, is "that portion of the job requirements that a workman is unable to perform by reason of an injury." 221 Kan. at 195.

In *Anderson*, the claimant suffered a functional disability but made no effort to relate his injury to a work disability. The district court found that the claimant suffered no permanent partial disability. The Supreme Court reversed.

The *Anderson* court held that the result of denying workers' compensation benefits to a person who suffered substantial injury merely because the injuries did not relate to the claimant's employment would violate the intent of the Workers' Compensation Act. *Anderson* stands for the rule that a claimant is entitled to an award of disability based upon either the work disability or the functional disability, depending on which is higher. 221 Kan. at 196-97; Kansas Workers' Compensation Practice Manual 6-9 (2d ed. 1988).

The present case is factually the reverse of *Anderson*. In *Anderson*, the claimant suffered a functional disability but made no effort to relate his injury to a work disability. In this case, McLaughlin suffers from a work disability but not a functional disability. Applying the *Anderson* rule, either type of disability may be used to support a finding of permanent partial disability.

This court has adhered to the *Anderson* rule. In *Brozek v. Lincoln County Highway Dept.*, 10 Kan. App. 2d 319, 325, 698 P.2d 392 (1985), the court noted that "a claimant may recover compensation based on either work or functional disability, whichever is greater."

Excel relies on *Quinones v. MBPXL Corp*, 10 Kan. App. 2d 284, 697 P.2d 891 (1985), to support its argument that functional disability is required to establish permanent partial disability. This argument is misplaced. *Quinones* merely holds that the claimant's injury, the loss of sensation in his foot, is a loss of physiological

capability and, therefore, compensable. It does not hold that a showing of functional disability is a prerequisite to an award of permanent partial disability.

Excel argues that, since a showing of functional impairment is required for permanent partial disability under K.S.A. 44-510d, the same requirement must exist under 44-510e. See *Gross v. Herb Lungren Chevrolet, Inc.*, 220 Kan. 585, 586-87, 552 P.2d 1360 (1976).

The *Gross* case does not support Excel's argument. In *Gross*, the court distinguished the statute applicable to scheduled injuries (44-510d) from the statute applicable to nonscheduled injuries (44-510e). Although the nature of the disability under the two statutes is the same, the compensation schemes differ. *Gross* limits the requirement of functional disability to scheduled injuries.

The trial court's finding that McLaughlin suffered a work disability is amply supported by the evidence and is not contested by Excel. The court's conclusion that McLaughlin sustained a 50 percent permanent partial disability is affirmed.