No. 79,833

RICHARD H. FRAZIER, *Claimant/Appellant,* v. MID-WEST PAINTING, INC., *Respondent/Appellee,* and CNA INSURANCE COMPANIES, *Insurance Carrier/Appellee.*

(995 P.2d 855)

Opinion filed January 28, 2000.

*Chris A. Clements,* of Wilson, Lee & Gurney, of Wichita, was on the brief for appellant Richard Frazier.

*D. Steven Marsh* and *Janell Jenkins Foster* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, and *Arlen L. Tanner,* of the same firm, of Overland Park, were on the briefs for appellees Mid-West Painting, Inc., and CNA Insurance Companies.

*Jan L. Fisher,* of McCullough, Wareheim & LaBunker, P.A., of Topeka, was on the brief for *amicus curiae* Kansas AFL-CIO.

The opinion of the court was delivered by

DAVIS, J.: Richard H. Frazier petitions this court for review of a Court of Appeals decision affirming the Workers Compensation Board's (Board) denial of benefits for permanent aggravation of claimant's preexisting back injury. The question we must resolve is whether the back injury which occurred during treatment for claimant's primary injury to his right forearm and shoulder was a

natural and probable result of the primary injury. We conclude that it was and reverse and remand for further proceedings.

Claimant was employed as a painter and drywall finisher for Mid-West Painting, Inc., (Mid-West) from 1982 to December 17, 1994. While working for Mid-West, claimant suffered a repetitive use injury to his right forearm and shoulder. On May 2, 1994, a surgical carpal tunnel release was performed on his right forearm.

Following this surgery, claimant participated in a work-hardening program in June 1994. He also engaged in a functional capacity evaluation on October 19 and 20, 1994. Both of these medical treatment programs were prescribed by claimant's treating physician for his work-related right forearm injury.

Claimant returned to work on light duty following his functional capacity evaluation. However, claimant soon quit his job with Mid-West because of increased back and leg pain stemming from a preexisting back condition. He claimed that his back condition had been aggravated by his participation in the work-hardening program and during his functional capacity evaluation.

Prior to his employment with Mid-West, claimant injured his back in 1965 and again sustained an injury to his back in 1982 while lifting a compressor. Also, in 1991, he was involved in an automobile accident affecting his back. However, 6 years before his forearm accident, his back problems had been resolved.

On March 20, 1995, claimant filed an application for a hearing before the Workers Compensation Division alleging injuries to his right hand, arm, shoulder, and neck. Upon his attorney's request, claimant's back was examined by Dr. Earnest Schlachter, who found that claimant's preexisting back condition had been permanently aggravated during the work-hardening program and functional capacity evaluation. Claimant had back surgery in February 1995 and on May 8, 1995, filed an amended application to include the aggravation of his back condition.

Upon completion of a hearing before the Division of Workers Compensation, the administrative law judge (ALJ) concluded that claimant was entitled to a 12.75% permanent partial impairment to the right forearm but denied any bodily disability for claimant's back condition. The basis for denial was that claimant failed to give

notice of the injury to his employer within the time period required by K.S.A. 44-520. Claimant appealed the denial of disability for his back condition.

The Board affirmed the decision of the ALJ. The Kansas Court of Appeals affirmed under Rule 7.042(b) (1999 Kan. Ct. R. Annot. 47), finding no reversible error and concluding that the findings of fact by the Board were supported by substantial competent evidence. *Frazier v. Mid-West Painting, Inc.*, No. 79,833, unpublished opinion filed January 29, 1999. We granted claimant's petition for review.

Claimant stipulated that he did not notify his employer of the aggravating injury to his back within the time limits set forth in K.S.A. 44-520 and K.S.A. 44-520a. Thus, if, as the Board determined, the back injury is a new injury unrelated to the arm and shoulder injury, claimant's application for compensation is time barred. However, if, contrary to the Board's conclusion, the aggravation of claimant's preexisting back condition is a natural and probable consequence of the original work-related right forearm injury, no notice under K.S.A. 44-520 and K.S.A. 44-520a is required and claimant is entitled to compensation for his back condition.

Mid-West and its insurance carrier CNA Insurance Companies (CNA) argue that our standard of review in this case is to determine as a matter of law whether the Board's decision is supported by substantial competent evidence. The Court of Appeals applied this standard of review, affirming the Board's decision based upon its conclusion that the findings of fact by the Board were supported by substantial competent evidence.

The issue dividing the parties in this case is not a factual issue. There has been general agreement on the facts throughout all proceedings to date, including this appeal. Importantly, the Board in this case concluded that claimant's back injury was work related:

"The Appeals Board concludes that claimant's testimony coupled with Dr. Schlachter's testimony proves it is more probably true than not that claimant's preexisting back condition was permanently aggravated while he was participating in the June 1994 work-hardening program and the October 19 and 20, 1994,

functional capacity evaluation. The Appeals Board, therefore, finds claimant's current low back injury is work-related."

The Board's determination that claimant was not entitled to compensation for his back condition was based upon its legal conclusion that claimant's back injury was a separate injury wholly unrelated to his right forearm injury based on *Helms v. Tollie Freightways, Inc.*, 20 Kan. App. 2d 548, 889 P.2d 1151 (1995). The question presented to this court is one of law, not fact, and our review is unlimited. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

Discussion and Analysis

We begin our analysis with the Board's determination that "claimant's preexisting back condition was permanently aggravated while he was participating in the June 1994 work-hardening program and the October 19 and 20, 1994, functional capacity evaluation." There is no factual dispute that the work-hardening program, which is a physical therapy program that simulates work activities, and the evaluation were physician directed. Claimant was participating in the program and evaluation because of the repetitive use injury to his right forearm and shoulder. Claimant argues that his back condition is a natural and probable consequence of his right forearm and shoulder injury. In order to determine whether claimant's back injury is a natural and probable consequence of his earlier injury, it is necessary to analyze the development of the natural and probable consequence rule. In *Chinn v. Gay & Taylor, Inc.*, 219 Kan. 196, 547 P.2d 751 (1976), an employee injured a knee on the job. His resultant limping gait created a back problem, and this court held that the back problem was also compensable, noting:

" 'When a primary injury under the Workmen's Compensation Act is shown to have arisen out of the course of employment every natural consequence that flows from the injury, including a new and distinct injury, is compensable if it is a direct and natural result of the primary injury.' " 219 Kan. at 199.

Thus, simply because the second injury is new and distinct from the primary injury does not preclude a finding that it is a natural consequence flowing from the primary injury.

In *Roberts v. Krupka*, 246 Kan. 433, 442, 790 P.2d 422 (1990), this court expanded the natural and probable consequence rule, holding that any aggravation of the original injury or any additional injury arising from medical malpractice in the treatment of the original injury is a consequence of the original injury. In so ruling, the court noted:

"We do not believe the result in *Chinn* should be different if a negligent diagnosis had been made and the permanent back injury could have been avoided by early medical intervention, or if it had been made worse by a negligent surgical procedure. In any of these three *Chinn* scenarios, the initial job-caused injury set the causation ball rolling which resulted in the additional permanent injury. 246 Kan. at 442.

The Court of Appeals had earlier ruled that disability resulting from skillful medical treatment for compensable injuries was compensable. *Quinones v. MBPXL Corp.*, 10 Kan. App. 2d 284, 285, 697 P.2d 891 (1985).

The Board concluded, based upon *Helms,* that claimant's two injuries were separate and that the permanent aggravation of claimant's preexisting back condition constituted a new injury for which claimant was required to give notice to his employer under K.S.A. 44-520 and K.S.A. 44-520a. In *Helms,* the claimant severely injured her wrist in a work-related accident. In the course of receiving physical therapy, she was injured in a car accident while returning from her therapist's office. The Board reasoned that because the accident occurred as the result of the claimant's visit to the physical therapist, it was the natural and probable consequence of the original injury rather than a separate injury. The Court of Appeals, however, said that equating the risk of malpractice in treating the original injury with the risk of a vehicular accident when traveling to or from the physician's office "stretches the *Roberts* doctrine too far." 20 Kan. App. 2d at 557. The *Helms* court stated the general rule that the rule of natural consequences flowing from a compensable injury is limited to the results of one accidental injury and does not apply where the increased disability results from a new and separate accident. 20 Kan. App. 2d at 556.

We observe in the case we now consider that the back injury was a consequence of the treatment claimant received for his right

forearm and shoulder injury. In *Helms,* the second injury was related to the original injury only because it happened on the way home from treatment for the first injury.

We believe that claimant's permanent aggravation of his preexisting back injury is more akin to what occurred in *Roberts* and *Chinn* than in *Helms*. The aggravation of claimant's preexisting back injury flowed from treatment claimant received for his right forearm and shoulder injury. As in *Roberts*, where the injury resulting from malpractice flowed from the treatment for the primary injury, so also in this case, the back injury flowed from the treatment for the primary injury. Consistent with our prior decisions we conclude as a matter of law that the aggravation of claimant's preexisting back condition was a natural and probable consequence of the original work-related right forearm injury. Thus, contrary to the decision of the Board and the Court of Appeals, the claimant was not required to give notice under K.S.A. 44-520 and K.S.A. 44-520a and is entitled to have his claim for his back considered.

The decision of the Court of Appeals affirming the Board is reversed and the decision of the Board is reversed. The case is remanded to the Board for further proceedings consistent with this opinion.